479 A.2d 468

**Henry J. CIANFRANI, Individually, and on behalf of the State Employees' Retirement System Beneficiaries, Appellants,**

**v.**

**COMMONWEALTH, STATE EMPLOYEES' RETIREMENT BOARD, Appellees.**

Supreme Court of Pennsylvania.

Submitted May 14, 1984.

Decided June 28, 1984.

296

---

Charles M. Golden, Philadelphia, for appellants.

LeRoy S. Zimmerman, Atty. Gen., Susan J. Forney, Allen C. Warshaw, Deputy Atty. Gen., for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from an opinion and order of the Commonwealth Court [1] sustaining the demurrer of the State Employees' Retirement Board ("Board"), to the petition of Henry J. Cianfrani seeking, *inter alia,* interest on retirement benefits withheld by the Board in compliance with the Public Employee Pension Forfeiture Act, Act of July 8,

---

1. *Cianfrani v. Comm., State Employees' Retirement Board,* 78 Pa. Commonwealth Ct. 597, 468 A.2d 1151 (1983).

1978, P.L. 752, No. 140, § 1 *et seq.*, 43 P.S. § 1311 *et seq.*, ("Act 140"), subsequently held by this Court to be unconstitutional as applied to Cianfrani, *Cianfrani v. Comm., State Employees Retirement Board,* 498 Pa. 204, 445 A.2d 737 (1982) (*"Cianfrani I"*).

This action was commenced by Cianfrani as a class action seeking to represent "all former Commonwealth employees who were members of the System whose retirement and benefit rights had vested prior to July 8, 1978 and whose benefits were wrongfully withheld by Respondent [Board] under Act 140." Before a hearing on the validity of the putative class was heard by the court as provided by Pa.R.C.P. No. 1707, the Board filed preliminary objections in the nature of a motion to strike and in the nature of a demurrer to the substance of the petition, the latter of which was sustained by Commonwealth Court and the case dismissed. From that disposition, direct appeal was taken to this Court. We affirm.

■ A preliminary objection in the nature of a demurrer is not to be sustained and the complaint dismissed unless the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hosp. of Phila.,* 439 Pa. 501, 267 A.2d 867 (1970). Therefore, if any theory of law will support the claim raised by the petition, a dismissal is improper. Because the claim for interest presented by Cianfrani is unsupportable on either a statutory basis, a contractual basis or as a matter of the common law of interest, we hold that the Commonwealth Court correctly sustained the Board's demurrer.

■ For the purpose of our review of a dismissal on the pleadings in the nature of a demurrer, the averments of Cianfrani's petition, except to the extent that they constitute conclusions of law, must be taken as true, *Freezer Storage, Inc. v. Armstrong Cash Co.,* 476 Pa. 270, 382 A.2d 715 (1978). The petition thus viewed avers that subsequent to July 8, 1978, the effective date of Act 140, Cianfrani and all other members of the class he seeks to represent, were

notified that their retirement benefits had been terminated pursuant to Act 140. Their accrued contributions were withheld and segregated by the Board into a separate fund until the ruling of this Court on May 28, 1982, in *Cianfrani I, supra,* holding that Act 140 was unconstitutional as applied to Cianfrani whose pension had vested prior to July 8, 1978, the effective date of Act 140. While the Board repaid the accumulated withheld benefits to Cianfrani, the Board "did not pay the accrued interest thereon," related to the period during which retirement and pension benefits were withheld by the Board. Cianfrani presented a demand for payment of interest which was denied by the Board by letter dated October 19, 1982, whereupon Cianfrani then commenced this action in the Commonwealth Court in which he sought "compensatory damages ... in an amount equal to the interest illegally withheld ..." on behalf of himself and other members of the class, as well as counsel fees and costs.

Until the abrogation of the doctrine of sovereign immunity by this Court in *Mayle v. Pa. Dept. of Highways,* 479 Pa. 384, 388 A.2d 709 (1978) the generally established rule regarding the payment of interest by the Commonwealth was that the Commonwealth and its instrumentalities were not liable for interest on a sum unless there was either a statutory or a contractual basis for the interest claim. *In re Purdy,* 447 Pa. 439, 442, 291 A.2d 93, 95 (1972).

However, in *City of Pittsburgh v. Pa. Dept. of Transportation,* 490 Pa. 264, 416 A.2d 461 (1980) this rule was viewed as closely akin to the doctrine of sovereign immunity and thus "unfair and unsuited to the times," especially under the circumstances of that case, in which the City was compelled to institute an action in mandamus when Penn DOT refused to pay the City the sum owed, despite a PUC certification of the allocation of costs of reconstruction of a bridge and despite repeated requests by the City for payment.

■ While this holding is meritorious in the case of a wrongful withholding of a sum due, it is inapplicable to the

instant claim for interest. The underlying rationale supporting an award of interest on a contractual claim has long been that interest constitutes payment of damages for wrongful delay in meeting a liquidated liability arising from an established duty to pay:

> Interest "is completely due, whenever a liquidated sum of money is *unjustly withheld.* It is a legal and uniform rate of damages allowed, in the absence of any express contract, when payment is withheld, *after it has become the duty of the debtor to discharge the debt"* ... "When a definite time is fixed for the payment of money the law imposes the obligation to pay damages by way of interest at the legal rate for the detention of the money after the breach of the contract for its payment" ... "Whenever a fixed sum of money is *wrongfully withheld* from a party to whom it is properly due such party is entitled to interest" ... "As prerequisites to running of interest, the debt must have been liquidated with some degree of certainty and *the duty to pay it must have become fixed."*

*Nagle Engine and Boiler Works v. Erie,* 350 Pa. 158, 165–166, 38 A.2d 225, 228 (1944) (emphasis supplied) (citations omitted).[2] Although Cianfrani characterizes the withholding of retirement and pension benefits by the Board as "wrongful," we disagree.

It may be said that inasmuch as an unconstitutional statute is void *ab initio,* justifying no act performed under it, the withholding of Cianfrani's pension was therefore wrongful. However, the actual existence of the act prior to a determination that it is unconstitutional is not without effect:

---

**2.** *See also Laudenberger v. Port Authority of Allegheny Co.,* 496 Pa. 52, 65, 436 A.2d 147, 151 (1981); *Pennsylvania Turnpike Comm. v. Sanders and Thomas, Inc.,* 461 Pa. 420, 433, 336 A.2d 609, 616 (1975); *Marrazzo v. Scranton Nehi Bottling Co.,* 438 Pa. 72, 75, 263 A.2d 336, 338 (1970); *Carbondale City School District v. Fidelity and Deposit Co. of Maryland,* 346 Pa. 491, 492, 31 A.2d 279, 280 (1943); *Allegheny Co. Police Fund v. Casey,* 26 Pa. Commonwealth Ct. 175, 178, 362 A.2d 1136, 1138 (1976) *aff'd by equally divided court,* 476 Pa. 261, 382 A.2d 461 (1978).

Any broad statement of absolute retroactive invalidity must be taken with qualifications ... "The actual existence of a statute, prior to such a determination [i.e., unconstitutionality] is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects .... Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination. These questions are among the most difficult of those which have engaged the attention of courts, state and federal, and it is manifest from numerous decisions that an all-inclusive statement of a principle of absolute retroactive invalidity cannot be justified."

*Box Office Pictures, Inc. v. Board of Finance and Review*, 402 Pa. 511, 517, 166 A.2d 656, 660 (1961), *quoting Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 374, 60 S.Ct. 317, 318, 84 L.Ed. 329, 332–333 (1940) reh. den. 309 U.S. 695, 60 S.Ct. 581, 84 L.Ed. 1035 (1940). Thus, the existence of Act 140, notwithstanding this Court's subsequent declaration of its unconstitutionality as applied to Cianfrani, is an operative fact of consequence in the review of the claims presented.

■ As previously discussed, awardability of interest as damages for delay rests upon the capability of characterizing the actions of the party so charged as wrongful. The Board, as does any administrative body, acts subject to the authority granted it by statute. From the date of enactment of Act 140, July 8, 1978, the Board was without authority to pay retirement and pension benefits to Cianfrani other than that which was authorized by Act 140 which provided that any public employee within the ambit of the Act was not to receive an annuity but was to be repaid in a lump sum only the contributions by the employee made

during active service. 43 P.S. § 1313. Because Cianfrani had, at the time of his retirement prior to July 8, 1978, received his personal contributions in a lump sum, *Cianfrani I*, 498 Pa. at 207, 445 A.2d at 738, the monthly annuity withheld by the Board was clearly within the mandate of Act 140. Thus, the Board action was not only then lawful, but was affirmatively required by the legislative mandate of Act 140.[3] In this respect, the Board action cannot be characterized as wrongful and, accordingly, this claim for interest cannot proceed under the common law regarding the award of interest damages.

Likewise, it may be said that inasmuch as an unconstitutional statute is void *ab initio*, a debt therefore existed *ab initio*. Again, we disagree, as the operative fact of the existence of the statute prior to this Court's declaration prevents characterization of the debt as *enforceable;* it is not until the judicial declaration of unconstitutionality that the debt *becomes enforceable.* Thus, it was only by opinion and order of this Court, holding Act 140 unconstitutional as applied to Cianfrani, that payment of withheld benefits was required and an *enforceable* debt was established. Accordingly, because the Board action arose from compliance with the legislative mandate of Act 140 and its apparent applicability to Cianfrani and others similarly situated, the interest claim cannot be said to arise from any wrongful delay in payment of a sum owed Cianfrani or from any position of *enforceable* liability in the Board. The Board action was neither wrongful at the outset, nor in retrospect.

■ This does not end the inquiry, for the rule of *In re Purdy, supra,* requires the Commonwealth to pay interest where mandated by statute or affirmatively obliged by contract. The statutory terms of the retirement system as

3. The apparent immediate applicability of Act 140, upon its date of enactment, to Cianfrani was never questionable. Cianfrani, prior to the date of enactment, had entered guilty pleas to offenses related to actions, while a State Senator, in placing "ghost" employees on the Senate payroll, and accepting bribes to exert his influence as a Senator upon state-funded schools in favor of candidates for admission. *Cianfrani I, supra.*

set forth by the State Employees' Retirement Code, Act of March 1, 1974, P.L. 125, No. 31, § 1 *et seq.*, 71 Pa.C.S.A. § 5101 *et seq.* ("Retirement Code"), are deemed to be contractually binding on the Commonwealth. *Cianfrani v. Comm., State Employees' Retirement Board, supra; Harvey v. Retirement Board of Allegheny County,* 392 Pa. 421, 141 A.2d 197 (1958).

■ The provisions of the Retirement Code which specifically address the subject of interest relate to the mechanics of administration of the fund by the Board and require periodic transfers to individual members' accounts of statutory interest during the control and maintenance of the account by the Board. *See* 71 Pa.C.S.A. §§ 5931(b), 5933(b). No provision in the Act indicates that the legislature intended that the Board, as an instrumentality of the state government, is to be liable for interest except in its role as trustee and administrator of the retirement fund, and then only as a benefit of successful management and investment of the fund portfolio during the period before retirement when the employee is accumulating a stake in the fund.

Upon either retirement or termination of service, this obligation to credit statutory interest to an individual member's account is terminated by the Retirement Code. Section 5102 provides that in the case of a non-vested member, no interest is to be credited after the date of termination of service; in the case of a vested member, no interest is to be credited after the effective date of retirement.[4]

4. The following definitions, appearing in the Retirement Code and crucial to the calculation of the annuity to which a member is entitled upon retirement, provide:

"Regular accumulated deductions." The total of the regular or joint coverage member contributions paid into the fund on account of current service or previous State or creditable nonstate service, together with the statutory interest credited thereon until the date of termination of service. *In the case of a vestee, statutory interest shall be credited until the effective date of retirement.* A member's account shall not be credited with statutory interest for more than two years during a leave without pay.

\* \* \* \* \* \*

"Total accumulated deductions." The sum of the regular accumulated deductions, additional accumulated deductions, the social se-

The Board's obligation to credit Cianfrani's individual member account with statutory interest terminated at the effective date of his retirement, sometime prior to July 8, 1978. *Cianfrani I, supra.* Therefore, because Cianfrani's claim for interest relates to a period commencing after his date of retirement, the contractual interest requirements of the Retirement Code do not support his claim. The period during which the Board withheld payment of the monthly annuity is expressly beyond the Commonwealth's statutory and contractual duty, under the Retirement Code, to pay interest.

Accordingly, because no statutory or contractual duty to pay interest on the amount withheld is cognizable, and because the common law rationale underlying an award of interest as delay damages is inapplicable as a matter of law, Cianfrani's petition states no cause of action and the sustaining of the Board's demurrer by the Commonwealth Court was correct. Because of our disposition affirming the Commonwealth Court's dismissal of the petition on the Board's demurrer, we need not address the issues additionally raised by the Board's preliminary objections. Only if the Commonwealth Court erred in sustaining the demurrer and the case were remanded would those issues be pertinent to the continuation of this action.

■ Additionally, we note that the petition filed below included a claim for an award of counsel fees and costs. The Commonwealth Court interpreted this requested relief as one for counsel fees and costs incurred in the litigation of *Cianfrani I* ending in 1982 in which the constitutionality of Act 140 as applied to Cianfrani was resolved. Inspection of the pleading before the Commonwealth Court does not

curity integration accumulated deductions, and all other contributions paid into the fund for the purchase of credit for service or other coverage together with all statutory interest credited thereon until the date of termination of service. *In the case of a vestee, statutory interest shall be credited until the effective date of retirement.* A member's account shall not be credited with statutory interest for more than two years during a leave without pay. 71 Pa.C.S.A. § 5102 (emphasis supplied).

support the interpretation that the requested counsel fees and costs are for those incurred in *Cianfrani I*, the only reference to a request for counsel fees and costs being in the prayer for relief.[5] Having determined that Commonwealth Court correctly sustained the demurrer to the cause of action asserted, it follows that any claim for counsel fees and costs falls along with the cause of action, 42 Pa.C.S.A. § 1726(2) (establishing guideline for award of costs and counsel fees in certain cases, but only to a prevailing party).

Order of Commonwealth Court affirmed.

HUTCHINSON, J., concurs in the result.

---

**5.** As a minimum, a pleading must set forth concisely the facts upon which a cause of action is based. *Line Lexington Lumber & Millwork Co. v. Pennsylvania Publishing Corp.,* 451 Pa. 154, 162, 301 A.2d 684, 688 (1973); Pa.R.C.P. No. 1019(a). No material facts in support of such a claim are alleged in the paragraphs of Cianfrani's petition. Therefore, the petition can only be interpreted as a request for counsel fees and costs incurred in the instant action.