## Sharper v. Philadelphia Bar Association

*Leon A. Williams*, for plaintiff.
*James D. Crawford*, for defendant.

STIVELY, *P.J., specially presiding* March 3, 1986—This matter is before the court for consideration of defendant's preliminary objections in the nature of a demurrer to a complaint alleging defamation. In such a case, accepting as true all well-pleaded material facts in the complaint and all inferences reasonably deductible therefrom, we must determine whether the communication is capable of

defamatory meaning as a matter of law. Gordon v. Lancaster Osteopathic Hospital Association, 340 Pa.Super. 253, 489 A.2d 1364 (1985). Only where it is certain that the law will permit no recovery is a demurrer sustained and the complaint dismissed. Cianfrani v. Commonwealth State Employee Retirement Board, 505 Pa. 304, 479 A.2d 468 (1984). Since the communication at issue is not susceptible to a defamatory meaning, we sustain the demurrer.

The communication at issue was published by the Commission on Judicial Selection and Retention of the Philadelphia Bar Association (Commission) as a result of plaintiff's candidacy for common pleas court judge in the primary election of May 21, 1985. The communication was contained in a list of ratings of all candidates prepared by the commission. Ratings for the court of common pleas and municipal court were: qualified, not qualified for failure to file with the judicial commission, not qualified, and no recommendation. Plaintiff and four other candidates were placed in the category of not qualified for failure to file with the judicial commission. These ratings were distributed in a Bar Association press release and subsequently printed in The Philadelphia Inquirer and The Daily News.

Plaintiff's complaint in this matter also requested a preliminary injunction, resulting in a hearing before the undersigned on May 16, 1985. We found that plaintiff never requested a "judicial evaluation questionnaire" and never filed anything of that nature with the commission. Further, plaintiff testified that he determined not to file with the commission in concert with five other judicial candidates.[*]

Whether defendant's rating of plaintiff as "unqualified for failure to file with the judicial commis-

_____

[*] Opinion, May 17, 1985, p. 3.

sion" is defamatory turns on the nature of the statement as fact or opinion. This is a question of law. *Braig v. Field Communications*, 310 Pa.Super. 569, 456 A.2d 1366 (1983), cert. denied, ____U.S.____, 104 S.Ct. 2341 (1984). Our courts have long recognized that mere statements of opinion are not actionable libel. *Bogash v. Elkins*, 405 Pa. 437, 176 A.2d 677 (1962). The free expression of opinion is protected by the Constitution of Pennsylvania, Art. 1, §7, and by the First Amendment. See: *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974).

Plaintiff asserts that the statement is an untrue fact, in that he is "qualified" to become a Judge by meeting the criteria of Article 5, §12 of the Constitution of Pennsylvania. We cannot accept this interpretation. In determining defamatory meaning we must consider the statement in context and according to common understanding. *Rutt v. Bethlehems' Globe Publishing Co.*, 335 Pa.Super. 163, 484 A.2d 72 (1984). It is unreasonable to believe that the public understands Bar Association ratings of judicial candidates as mere considerations of eligibility. "Qualified" is defined as "fitted, as by endowments or accomplishments, for a given purpose; competent." Webster's 3rd New World Dictionary (1976). To characterize a person as "qualified" necessarily involves the use of subjective criteria indicating that the statement is an opinion. See: *Beckman v. Dunn*, 276 Pa.Super. 527, 419 A.2d 583 (1980). The statement that a person was "not qualified" to be a magistrate has been held an opinion in Pennsylvania. *Cabrey v. Cameron*, 55 Pa. D. & C. 1277 (1945).

Plaintiff argues also that the statement "not qualified for failure to file with the judicial commission" is a *mixed opinion.* This term appears in the Restatement (Second) of Torts §566 (1977), adopted

by the Superior Court in Braig v. Field Communications, supra. This section reads as follows:

"§566. Expressions of Opinion.

"A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion."

The comment to this section contains the following interpretation:

"b. Types of expressions of opinion.

There are two kinds of expressions of opinion. The simple expression of opinion, or the pure type, occurs when the maker of the comment states the facts on which he bases his opinion of the plaintiff and then expresses a comment as to the plaintiff's conduct, *qualifications* or character . . .

The second kind of expression of opinion, or the mixed type, is one which, while an opinion in form or context, is apparently based on facts regarding the plaintiff or his conduct that have not been stated by the defendant or assumed to exist by the parties to the communication. Here the expression of the opinion gives rise to the inference that there are undisclosed facts that justify the forming of the opinion expressed by the defendant." (Emphasis added.)

Examining defendant's statement, the only apparent fact underlying the opinion is plaintiff's admitted failure to file a Judicial Evaluation Questionnaire with the Commission. "The allegedly libeled party must demonstrate that the communicated opinion may reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion." Beckman, supra, 276 Pa.Super. at 535, 419 A.2d at 587. Plaintiff has not suggested

any defamatory facts implied by the rating "not qualified for failure to file with the judicial commission," and we find none.

We hold that defendant's statement is a pure opinion, incapable of defamatory meaning as a matter of law.

## ORDER

And now, this March 3, 1986, defendant's preliminary objections are sustained and plaintiff's complaint is dismissed. Jurisdiction is relinquished and the Prothonotary of Chester County is directed to forward this file to the Prothonotary of the Court of Common Pleas of Philadelphia County.