## Thorpe v. Weiss

*Herman J. Bigi,* for plaintiff.
*Kathleen Smith-Delach,* for defendant.

118

Argument before the court en banc: Gladden, P.J., Terputac, J. and Gilmore, J.

TERPUTAC, J., April 16, 1986 — On January 6, 1986, plaintiff, Raymond A. Thorpe, brought a civil action against Malcolm S. Weiss, M.D., defendant. Alleging that he had been injured in an automobile accident, plaintiff stated in the instant complaint that he "orally agreed with defendant that defendant treat plaintiff for said personal injuries for a certain compensation to be paid by plaintiff." Plaintiff also alleged that defendant knew plaintiff would require defendant's cooperation in the lawsuit against the tortfeasor arising out of the accident. Plaintiff further alleged that he paid $1,480 to the doctor for medical treatment. Plaintiff's attorney mailed several letters to defendant asking for a medical report, but defendant only mailed one report dated October 27, 1983, which stated: "Raymond Thorpe presently is being treated for cervical sprain."

Plaintiff also alleged that defendant failed to provide the medical report necessary to prepare the case against the tortfeasor. Because of the failure to provide an appropriate medical report, plaintiff maintains that he was "required to proceed before a board of arbitrators," the result of which he was awarded "merely" $3,000. Defendant interposed preliminary objections to the complaint.

In his brief, plaintiff's counsel conceded that he was not proceeding upon any theory of tort liability with respect to the failure of defendant to provide a medical report. Accordingly, the court will make no ruling relative to any liability in tort. With respect to the demurrer on the assumpsit claim, the court is of the opinion that there is sufficient law to allow us to dismiss the demurrer. It seems clear that the allegations are sufficient to sustain a claim either in express contract or in implied contract in fact.

In *Alexander v. Knight*, 25 D.&C.2d 649 (C.P. Phila. 1957), although the case involved an action by an injured party against a tortfeasor arising out of an automobile accident, the court discussed the matter of the duties of a physician to the patient whom he is treating. The physician for plaintiff had given a medical report on plaintiff's condition to defendant, despite the fact that plaintiff had never given permission to release such information to defendant. The decision of the court of common pleas was affirmed per curiam by the Superior Court. 197 Pa. Super. 79, 177 A.2d 142 (1962). The lower court said:

"We are of the opinion that members of a profession, especially the medical profession, stand in a confidential or fiduciary capacity as to their patients. They owe their patients more than just medical care for which payment is exacted; there is a duty of total care; that includes and comprehends a duty to aid the patient in litigation, to render reports when necessary and to attend court when needed. That further includes a duty to refuse affirmative assistance to the patient's antagonist in litigation." 177 A.2d at 146.

Another case dealing with the same general problem is *Hammonds v. Aetna Casualty & Surety Company*, 243 F. Supp. 793 (N.D. Ohio 1965). That case involved an action by a patient against his physician's medical malpractice insurance carrier for allegedly inducing the doctor to divulge confidential information. There the court said, 243 F. Supp. at 799:

"It cannot be questioned that part of a doctor's duty of total care requires him to offer his medical testimony on behalf of his patient if the patient becomes involved in litigation over the injury or illness which the doctor treated. Thus, during the course of

such litigation, in addition to the duty of secrecy, there arises the duty of undivided loyalty. Should a doctor breach either of these two duties, the law must afford the patient some legal recourse against such perfidy. We should not suffer a wrong without a remedy, especially when the wrong complained of involves the abuse of a fiduciary position."

Because we are of the opinion that there is a fiduciary relationship between a physician and his patient once there is an agreement for treatment, we hold that the allegations are sufficient to posit a claim either on the theory of an express contract or an implied contract in fact with respect to the preparation and mailing of a medical report. The matter of mitigation of damages, however, must await further proceedings in this case. Furthermore, we do not address the duty, if any, of plaintiff to subpoena the physician for deposition or for trial.

In ruling on a demurrer, a reviewing court must regard as true all well pleaded facts and reasonable inferences deducible therefrom. Since we cannot say with certainty that no recovery is possible, we are required to dismiss the preliminary objection in the nature of a demurrer to the claims sounding in contract. *Cianfrani v. Commonwealth, State Employees' Retirement Board*, 505 Pa. 294, 479 A.2d 468 (1984).

## ORDER

And now, this April 16, 1986, the preliminary objections in the nature of a demurrer to the claims of plaintiff sounding in contract are hereby dismissed. All other preliminary objections are dismissed.

Defendant, Malcolm S. Weiss, M.D., is hereby granted leave to file an appropriate pleading within 20 days of this date.