**Suto v. Anderson**

C.P. of Monroe County, no. 260 CV 2010.

*Alexander Suto,* pro se.
*Scott M. Amori,* for defendant.

SIBUM, *J.,* April 19, 2010—This matter concerns a disagreement between neighbors over the removal by defendants of a bush located on plaintiff's property. On January 12, 2010, an untitled document was filed by or on behalf of plaintiff, Alexander Suto, in which plaintiff "demands to recover full replacement cost of bush at $4,500, plus court costs, plus all cost of collection, plus interest." The document appears to be in the nature of a complaint prepared without the assistance of counsel. The complaint does not identify the parties to the action in the body of the document. Rather, the caption identifies plaintiff as "Alexander Suto et al.", and the defendants as "Eric Anderson and MaryGrace Anderson."

Defendants filed preliminary objections on February 19, 2010 raising three motions to dismiss for failure to conform to law or rule of court, one motion to dismiss for improper service and a demurrer for failure to state a cognizable cause of action. On February 26, 2010, plaintiff filed a response to defendants' preliminary objections. Both parties filed briefs and argued their respective positions before the court on April 5, 2010. This matter is now ripe for disposition.

## DISCUSSION

Pursuant to Pa.R.C.P. 1028(a), preliminary objections may be filed by any party to any pleading on several grounds, including:

"(1) Lack of jurisdiction over the person of the defendant,

"(2) Failure of a pleading to conform to law or rule of court, and . . .

"(4) Legal insufficiency of a pleading (demurrer)." Pa.R.C.P. 1028(a)(1)(2)(4).

In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 638, 584 A.2d 403, 407 (1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Insurance Company v. Deshler,* 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

The plaintiff must state the material facts of a complaint "in a concise and summary form." Pa.R.C.P. 1019(a). The allegations "must apprise the defendant of the claim being asserted and summarize the essential facts to support [the] claim." *Estate of Swift v. Northeastern Hospital of Philadelphia,* 456 Pa. Super. 330, 690 A.2d 719, 723 (1997) *appeal denied,* 701 A.2d 577 (Pa. 1997). The "lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement." *United Refrigerator Company v. Applebaum,* 410 Pa. 210, 213, 189 A.2d 253, 255 (1963).

The relevant facts of this case as alleged by plaintiff in his complaint are as follows. During the summer of

2004, defendants asked plaintiff to remove a large bush in the corner of plaintiff's property at 399 Cindy Court, Stroud Township, Pennsylvania. Plaintiff granted permission for the removal of the bush with the understanding that the stump would be completely removed at defendants' expense. In June 2006, defendants removed the bush and left a stump. Defendants were told several times by plaintiff of the prior agreement to completely remove the stump or replace the bush but defendants have not complied. From June 2006, plaintiff "had to chase defendants for compliance and defendant agreed to comply with terms every time they spoke through about September 2006." Defendants subsequently moved away from the property without removing the stump. Plaintiff mailed defendants several demand letters to defendants' new address for demand of payment but defendants have yet to resolve this matter. Plaintiff filed this action and demands to recover full replacement cost of the bush at $4,500 plus court costs, all costs of collection and interest.

*1. Defendants' Motion To Dismiss for Failure To Conform to Law — Unauthorized Practice of Law*

Defendants first ask this court to dismiss plaintiff's complaint, averring that the complaint is improperly signed by a person who is not a party to the action. Defendants assert that the signature on the complaint appears to be that of John Suto, not Alexander Suto who is named as plaintiff in the complaint. John Suto is not identified in the complaint as a party and is not an attorney of record. We agree.

Pa.R.C.P. 1023.1(b) states that "[e]very pleading, written motion, and other paper directed to the court shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Here, plaintiff has filed the complaint pro se. The signature appearing on the complaint is that of John Suto, not Alexander Suto who is alleged as the plaintiff. John Suto is not identified in the complaint as a party and therefore cannot sign the pleadings on behalf of another without either being a party or an attorney licensed to practice in Pennsylvania, which he is not. Although it may have been the intention of Alexander Suto to identify John Suto as a party to the complaint using the proverbial abbreviation "et al," plaintiff failed to specifically state the name of all the parties to the complaint and therefore has failed to conform to the law. Defendants preliminary objection will be sustained.

### 2. Defendants' Motion To Dismiss for Failure To Conform to Law — Failure To Attach a Notice To Defend

Defendants next ask this court to dismiss plaintiff's complaint, arguing that plaintiff has failed to conform to law in that it has not attached a notice to defend as required by Pa.R.C.P. 1018.1(a). We agree.

Pa.R.C.P. 1018.1(a) states "[e]very complaint filed by a plaintiff . . . shall begin with a notice to defend in substantially the form set forth in subdivision (b)." Although the court acknowledges that plaintiff has filed a pro se complaint, plaintiff is still held to the same standards as

an attorney filing a complaint in this county. Plaintiff is required to file a notice to defend in accordance with the Rules of Civil Procedure. Defendants' preliminary objection will be sustained.

### 3. Defendants' Motion To Dismiss for Failure To Conform to Law — Improper Verification

Defendants further request this court to dismiss the complaint because it lacks a verification as required by Pa.R.C.P. 1024. We agree. Pa.R.C.P. 1024(a) states that "[e]very pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signor's personal knowledge or information and belief and shall be verified." Furthermore,

"The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party." Pa.R.C.P. 1024(c).

Plaintiff's complaint does not include a verification and therefore does not conform to the rules of court. Defendants' preliminary objection will be sustained.

## 4. *Defendants' Motion To Dismiss for Lack of Jurisdiction Over Defendants — Improper Service*

Defendants next ask this court to dismiss plaintiff's complaint, averring that this court does not have jurisdiction over the defendants in this matter because defendants were not properly served. Defendants argue that the plaintiff has failed to serve the complaint upon the defendants and file a return of service with the prothonotary. Therefore, plaintiff has not effectuated service upon the defendants and no jurisdiction over the defendants exists. We disagree.

The Pennsylvania Rules of Civil Procedure state that original process shall be served within the Commonwealth only by the sheriff within 30 days after the filing of a complaint. Pa.R.C.P. 400(a); Pa.R.C.P. 401(a). If the defendants reside outside of the Commonwealth, original service shall be served within 90 days of the filing of the complaint either by:

"(1) a competent adult in the manner provided by Rule 402(a), (2) by mail in the manner provided by Rule 403, (3) in the manner provided by the law of the jurisdiction in which the service is made for service in an action in any of its courts of general jurisdiction . . . ." Pa.R.C.P 404.

Furthermore, when service of original process has been made the sheriff shall make a return of service forthwith and such return of service shall be filed with the prothonotary. Pa.R.C.P. 405(a)(e).

Here, the complaint was delivered to defendant Marygrace Anderson by a deputized sheriff of the Chau-

tauqua County Sheriff's Department. A return of service was filed on January 27, 2010 and plaintiff has also attached a copy to his response to defendants' preliminary objections. Defendants' preliminary objection is denied as moot.

### 5. *Defendants' Motion To Dismiss for Legal Insufficiency of Pleading* — *Demurrer*

Finally, defendants ask this court to dismiss plaintiff's complaint by filing a demurrer, contending that the allegations in the complaint fail to conform to any legally cognizable cause of action for which recovery may be sought. Although plaintiff makes an attempt at filing a cause of action for breach of contract, we agree with defendants.

A demurrer tests the legal sufficiency of the pleading. In determining whether the factual averments of a complaint are sufficient to state a cause of action, all doubts must be resolved in favor of the sufficiency of the complaint. *Slaybaugh v. Newman,* 330 Pa. Super. 216, 220, 479 A.2d 517, 519 (1984). A demurrer will be sustained only where the complaint demonstrates with certainty that under the facts averred within, the law will not permit a recovery. *Id.; see also Cianfrani v. Commonwealth, State Employees' Retirement Board,* 505 Pa. 294, 479 A.2d 468, 469 (1984). If any theory of law will support the claim raised by the complaint, dismissal is improper. *Slaybaugh, supra; Cianfrani, supra.*

Reviewing, as we must, the allegations of plaintiff's complaint in the light most favorable to plaintiff, it appears that plaintiff filed this action based on a breach of

an oral agreement. However, the pleadings fail to specify the fundamental requirements for a breach of contract cause of action. As such, we will sustain defendants' preliminary objection, but grant plaintiff leave to file an amended complaint. Accordingly, we enter the following order.

## ORDER

And now, April 19, 2010, upon consideration of defendants' preliminary objections to plaintiff's complaint, it is ordered as follows:

(1) Defendants' preliminary objection to the unauthorized practice of law is sustained.

(2) Defendants' preliminary objection for failure to attach a notice to defend as required by Pa.R.C.P. 1018.1(a) is sustained.

(3) Defendants' preliminary objection for failure to attach a verification as required by Pa.R.C.P. 1024 is sustained.

(4) Defendants' preliminary objection for failure to serve a complaint upon defendants pursuant to Pa.R.C.P. 400-405 and failure to file a return of service with the prothonotary is denied.

(5) Defendants' preliminary objection in the form of a demurrer for failure to state a cause of action upon which relief can be granted is sustained.

(6) Plaintiff is given leave to file an amended complaint in compliance with this order within 20 days.