# Sajdak v. Goicochea.

516

*Mary Louise Parker,* for plaintiff.

*Richard Kovacs, Michael Mancuso, & John E. Toczydlowski,* for defendant.

SIBUM, *J.,* June 8, 2012—This matter comes before the court on defendants Robert and Brigida Goicochea's preliminary objections to plaintiffs' complaint. Plaintiffs commenced this action with the filing of an erit of summons on May 11, 2011. Plaintiffs then filed a complaint on March 5, 2012, alleging several counts of intentional misrepresentation, intentional failure to disclose, negligent misrepresentation, and violations of the unfair trade practices act and real estate disclosures act. Essentially, plaintiffs allege that they were defrauded during the purchase of real property. Defendants Robert and Brigida Goicochea filed preliminary objections on April 5, 2012, raising six motions for legal insufficiency of a pleading (demurrer), as well as a motion to strike for

failure to conform to a rule of court. Defendants filed a brief in support of their position on April 20, 2012. Plaintiffs filed a brief in opposition on May 2, 2012. Oral argument was heard on May 7, 2012. We are now prepared to decide this matter.

## DISCUSSION

Pursuant to Pa. R.C.P. §1028(a), preliminary objections may be filed by any party to any pleading on several grounds, including:

(2) Failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

(3) Insufficient specificity in a pleading;

(4) Legal insufficiency of a pleading (demurrer).

Pa. R.C.P. 1028(a)(2), (3), (4), In ruling on preliminary objections, we recognize that the court must accept as true "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom...." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The court need not accept as true, however, "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Cmwlth. 1998).

When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the cases which are clear and free from doubt. *King v. Detroit Tool Co.*, 682 A.2d 313, 314 (Pa. Super. 1996). In determining whether the factual averments of

a complaint are sufficient to state a cause of action, all doubts must be resolved in favor of the sufficiency of the complaint. *Slaybaugh v. Newman*, 479 A.2d 517, 519 (Pa. Super., 1984). A demurrer will be sustained only where the complaint demonstrates with certainty that under the facts averred within, the law will not permit a recovery. *Id.*; see also *Cianfrani v. Commonwealth, State Employees' Retirement Bd.*, 505 Pa. 294, 297, 479 A.2d 468, 469 (1984). If any theory of law will support the claim raised by the complaint, dismissal is improper. *Slaybaugh*, supra; *Cianfrani*, supra. Alternatively, a motion to strike a pleading may be granted when lack of conformity to a law or a rule of court occurs. Pa.R.C.P. § 1028(a)(2).

The relevant facts of the case, as alleged in the complaint, are as follows. This action arises out of the purchase of real estate located at 66 Pine Ridge Road, Lake of the Pines, East Stroudsburg, Pennsylvania 18302, by plaintiffs Marcella and Catherine Sajdak (buyers). Defendants Robert and Brigida Goicochea (sellers) were the sellers of the real estate. Defendant Acclaim Realty, Inc. doing business as Weichert Realtors Acclaim was the real estate broker responsible for the transaction and defendant Marco C. Pither was the agent for the sellers. Defendant Joel W. Schachter is the principal member of Precise Home inspections LLC and performed a home inspection for buyers prior to closing.

An agreement of sale was signed by buyers and sellers on October 12, 2009. Pursuant to the Real Estate Seller Disclosure Act, 68 Pa. C.S.A. 7301 (RESDA), sellers signed and delivered to buyers a sellers' property disclosure statement which buyers acknowledged receiving on

October 12, 2009. A property inspection was performed on October 17, 2009, and a report was delivered to buyers the next day. An addendum to the agreement of sale indicating that the property was being sold "As is" was signed by sellers and buyer Marcela D. Sajdak on October 17, 2009. Buyer Catherine M. Sajdak signed the addendum on October 21, 2009. Closing occurred on November 24, 2009.

In the disclosure statement, sellers indicated, inter alia, that:

a. While they were aware of water leakage, accumulation and dampness in the basement or crawl space, they did not know of any repairs or attempts to control these conditions;

b. They were unaware of problems with the walls, foundations, or other structural components of the property;

c. They were unaware of water damage to the property;

d. They had not made any additions, structural changes, or other alterations to the property during their period of ownership;

e. They had replaced some plumbing to repair problems with the water supply, plumbing system and related items;

f. They were not aware of any sliding, settling, earth movement, upheaval, subsidence, or earth stability problems that had occurred or affected the property;

g. They were not aware of any past or present drainage or flooding problems affecting the property; and

h. They were not aware of any material defects, as defined in the disclosure statement, to the property, dwelling, or fixtures that were not disclosed in the disclosure statement.

Buyers allege that after closing, they realized that they had purchased a home with serious structural defects, as well as continuing problems of water infiltration and mold infestation. They allege that sellers knowingly made false representations regarding the condition of the home on the disclosure statement. Further, buyers allege that sellers hired contractors to actively conceal structural and other defects in the home, and then made knowingly false representations about these actions in the disclosure statement. Specifically, buyers allege that sellers and/or their agents:

a. Built an interior cosmetic wall to conceal a large and serious crack in the foundation wall;

b. Replaced the deteriorated and rotting first floor deck including floor joists, main support beam, sub-floor, and supporting knee-wall;

c. Deposited debris from decking and flooring work into the lower level crawl space where it was left to rot and decompose;

d. Installed insufficient footers and support beams in the crawl space.

Buyers allege that they justifiably relied upon the

representations made in the disclosure statement as well as the appearance of the condition of the property created by the deceitful actions of sellers, and were thereby induced to purchase the property at a price of $132,950. Buyers allege that as a direct and proximate result of this reliance, they suffered losses in excess of $60,000. Buyers allege six counts against the sellers, including: intentional misrepresentation, intentional failure to disclose, negligent misrepresentation, punitive damages, violation of the Unfair Trade Practices Act and Consumer Protection Law, and violation of the Real Estate Disclosure Act.[1]

In the matter now before the court, sellers raise six motions for legal insufficiency of a pleading (demurrer), one for each count alleged against them. They also raise a motion to strike counts 8, 9 and 10 of the complaint for failure to conform to a rule of court.

## I. Fraud Claims-Counts 1-5

As each of sellers' demurrer motions involve the same argument, save for count 6 regarding punitive damages, there is no need to address them separately. Sellers argue that due to the "As is" language in the addendum to the agreement of sale, buyers cannot make out a prima facie claim against sellers. Sellers aver that all claims against them sound in fraud, and that the elements of fraud include justifiable reliance on a material misrepresentation. Sellers argue that as a matter of law, neither materiality of

---

1. Buyers also bring several counts against Weichert Realtors, Marco C. Pither, Precise Home Inspections LLC, and Joel W. Schachter. However, as defendants Robert and Brigida Golcochea's preliminary objections are the only matter presently before the court, we will not address these counts.

the alleged misrepresentations nor justifiable reliance on same can be maintained by buyers, where their agreement expressly removes the condition of the property from consideration and the purchase is "As is." We disagree.

First, we do agree with sellers that all of buyers' claims sound in fraud and that the elements of fraud include justifiable reliance on a material misrepresentation.[2] In real estate transactions:

> [F]raud arises when a seller knowingly makes a misrepresentation, undertakes a concealment calculated to deceive, or commits non-privileged failure to disclose. Fraud is a generic term used to describe anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture.

*Blumenstock v. Gibson*, 811 A.2d 1029, 1034 (Pa. Super. 2002). The specific elements of fraud are as follows:

(1) a representation;

(2) which is material to the transaction at hand;

(3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;

---

2. Buyers argue that violations of the unfair trade practices act and the real estate disclosure act do not require plaintiffs to prove the elements of common law fraud. As we hold that buyers may move forward with their fraud claims, we need not discuss this issue. However, we note that the Superior Court and the Commonwealth Court have both held otherwise. See `Mancini v. Morrow`, 458 A.2d 580 (Pa. Super. 1983); *Hammer v. Nikol*, 659 A.2d 617 (Pa. Cmwlth. (1995).

(4) with the intent of misleading another into relying on it;

(5) Justifiable reliance on the misrepresentation; and

(6) the resulting injury was proximately caused by the reliance.

*Gibbs v. Ernst*, 538 Pa. 193, 208, 647 A.2d 882, 889 (1994). A misrepresentation is material if the party would not have entered the agreement but for the misrepresentation. *Eigen v. Textron Lycoming Receperating Engine Division*, 874 A.2d 1179 (Pa. Super 2005). To be justifiable, reliance upon the representation of another must be reasonable. *Drelles v. Manufactures Life Insurance Co.*, 881 A.2d 822 (Pa. Super. 2005).

While there is no law directly on point to the factual scenario of the instant case, the most analogous case, and the case primarily relied on by Sellers, is *Youndt v. First National Bank of Port Allegany*, 868 A.2d 539 (Pa. Super. 2005). In *Youndt*, commercial property purchasers brought an action against a vendor, alleging that the vendor intentionally and fraudulently failed to disclose problems with the property's water and sewage system. *Id.* at 542. The buyers brought claims for fraudulent misrepresentation, fraudulent concealment, and fraudulent nondisclosure. *Id.* The agreement of sale contained an "As is" disclaimer as well as an integration clause. *Id.* at 543. Seller allegedly made an oral representation that there were no problems with the property, which buyer alleged constituted fraud. *Id.* at 545. The court devoted much of the opinion to discussion of the parole evidence rule and

the sale agreement's integration clause, issues not relevant to the case at hand. However, the court then turned to the issue of fraudulent nondisclosure and whether or not such a cause of action was barred by the "As is" language in the sale agreement. *Id.* at 550-51. The court held that such an action was barred, as the buyers had assumed the risk of defects by agreeing to the "As is" language, and therefore, the sellers had no duty to disclose the defects. *Id.* Finally, the court emphasized that the buyers waived their claim that the defect "was not readily apparent to a layperson" was meritless.

*Youndt* is distinguishable from the instant case for several reasons. First, in *Youndt,* the fraudulent misrepresentation at issue was an offhanded, oral comment by the seller that "there were not problems" with the property. *Youndt,* 868 A.2d at 549 (42 Pa Super. 2005). The court held that this statement was barred from evidence by the parole evidence rule and stated that "a seller of commercial real estate must be permitted to contractually limit liabilities arising from the condition of the property sold by means of specific contractual provisions, and that the other party may not circumvent such provisions by a vague allegation of fraud in the inducement." *Id.* Thus, the *Youndt* court never reached the question of whether or not the "As is" language barred the fraudulent misrepresentation claim, only that the parole evidence rule barred the introduction of the oral evidence. Further, the court specifically limited its holding to sellers of commercial real estate and emphasized that contractual provisions may not be circumvented by "a vague allegation of fraud in the inducement."

In the instant case, the real estate was for residential,

not commercial purposes. More importantly, the alleged fraudulent misrepresentation was not a vague, oral comment barred by the parole evidence rule. Indeed, buyers allege that sellers presented them with a disclosure statement that contained several written, specific representations as to the condition of the property that turned out to be false. If anything about the agreement was vague and offhanded, it was the "As is" clause, a handwritten statement scrawled onto the last page of the typed agreement. We find that the facts here, in which Sellers allegedly presented buyers with a disclosure statement that contained multiple written, specific fraudulent misrepresentations as to the condition of the property, is a much different factual scenario than that of *Youndt* discussed above.

Next, in dismissing the buyers' claim for fraudulent concealment, the *Youndt* court held that the buyers had failed to aver any attempt by the sellers to conceal the condition of the sewer system. *Id.* at 550. Here, buyers aver that sellers constructed an interior wall solely to hide the existence of a large foundational crack, despite the fact that sellers stated in the disclosure statement that they were unaware of any problems with the foundation. While the construction of this wall was not a verbal misrepresentation, the law is clear that any action calculated to deceive may be considered a misrepresentation constituting fraud. *Blumenstock*, 811 A.2d at 1034 (339 PA Super. 2002). Again, the facts of the instant matter are vastly different than those of *Youndt*.

Further, the *Youndt* court dismissed the buyers' fraudulent nondisclosure claim, holding that because of the contract's "As is" clause, the buyers had assumed the

risk of defects and that the sellers had no duty to disclose defects known to them. *Id.* at 551. However, significant for the instant matter, the *Youndt* court did not hold that the "As is" language disclaimed all warranties, only that it disclaimed any implied warranties and released the sellers from their duty to disclose any defects known to them. *Id.* To wit:

> First, there is the typewritten clause stating that appellants were purchasing the property "As is." This is part of a provision in which National Bank, as the seller, warranted the condition of the water pipes to the motel. And if there was any doubt that the bank was not making any other warranties, the final paragraph of the agreement states that appellants have "agreed to purchase it in its present condition unless otherwise specified herein." Thus, through their bargaining, the parties agreed that the bank would warrant the condition of one part of the property (the water pipes to the motel), but that appellants would accept the remainder of the property in its present condition and without warranty.

*Id.* Thus, the court held that the express warranty as to the water pipes remained in force, but the "As is" language meant that the buyers would accept the rest of the property without warranty.

Turning to the instant matter, sellers argue that *Youndt* stands for the proposition that the "As is" language in the contract expressly removes the condition of the property from consideration. We do not agree. While "As is" language releases sellers from their obligation to disclose defects and disclaims any implied warranties, it does not

remove from consideration express statements or actions made by sellers as to the condition of the property. In other words, while it allows sellers to remain silent as to the existence of defects, it does not give them free reign to make express misrepresentations as to the existence of defects or to conceal those defects. To accept Sellers' argument is to give an "As is" clause the effect of crossing one's fingers while making a promise. We are not inclined to hold that sellers of residential real estate may provide buyers with page upon page of false statements as to the condition of the property, and then disclaim any liability by simply hiding two magic words somewhere in the paperwork.

This interpretation is supported both by statute and case law. The Pennsylvania commercial code states that "all implied warranties are excluded by expressions like "As is."[3] 13 Pa. C.S.A. § 2316. Further, the commercial code states that whenever possible, an express warranty should be construed to be consistent with language tending to negate or limit warranties. *Id.* Thus, it is clear that "As is" language does not negate an express warranty, and indeed should be read in conjunction with that warranty to negate any implied warranties. Courts interpreting this provision have come to the same conclusion. For example, in *Morningstar v. Hallett*, 858 A.2d 125 (Pa. Super. 2004), the buyer of a horse brought suit for fraud

---

3. We acknowledge that the commercial code is not applicable to the sale of real property and is not controlling here. However, we can find no law or precedent to support the idea that "As is" language has a different meaning in the context of the purchase of real property. In the absence of controlling authority of the point of law at issue here, we refer to the commercial code only as a persuasive reference.

and misrepresentation against the seller. The sales contract stated that the horse was 11 years old and that the buyer was buying the horse "As is." It was later determined that the horse was in fact 16 years old. In holding for the buyer, the court stated:

> [W]e conclude that the "As is" clause is inconsistent with the express warranty created by the description of the horse as provided in the sales agreement and hold that the "As is" language contained in the sales agreement is insufficient to disclaim the express warranty that the horse was 11 years old....Thus, the "As is" language contained in the sales agreement does not necessarily preclude an action by Hallett for fraud, misrepresentation, deceptive trade practices, or mistake.

Likewise, in the case at hand, we hold that the "As is" clause in the addendum to the agreement of sale is insufficient to negate the express warranties created by sellers' statements as to the condition of the property in the disclosure statement. Nor does the "As is" clause give sellers license to actively conceal defects with the property. We conclude that this holding is consistent with the law as set forth in *Youndt* for the reasons discussed above, namely that *Youndt* did not contemplate the affect of an "As is" clause on express, written warranties such as those present here. As such, we find that as a matter of law, the "As is" language in the addendum to the agreement of sale does not preclude buyers from proving that the alleged misrepresentations in the disclosure statement were material or that their reliance on said misrepresentations

was justified.

Nevertheless, because an "As is" clause does disclaim any implied warranties and serves to release sellers from their duty to disclose known defects, as a matter of law, a claim for failure to disclose must fail if "As is" language is present in the contract. Here, buyers have labeled count II of the complaint "intentional failure to disclose." However, reading the averments of that count, it is obvious that Buyers are actually making a claim for fraudulent concealment. Paragraph 19 of the complaint reads; "In addition to the knowingly false representations...Goicochea took action to intentionally conceal facts relating to the condition of the property." The count goes on to detail the ways in which Sellers allegedly concealed underlying problems with the property. For the reasons discussed above, an "As is" clause does not preclude a cause of action for fraudulent concealment. We are not inclined to dismiss this count simply because buyers have mislabeled it or were unaware that a fraudulent concealment claim is distinct from a claim for intentional failure to disclose.

Finally, sellers argue that the home inspection report put buyers on notice as to problems with the property, and that this would further prevent buyers from justifiably relying on the sellers' representations in the disclosure statement. For example, the home inspection report noted that there were problems with moisture and rot in the crawl space, that the sump pump was in disrepair, and that the decks were in need of a complete overhaul as their foundations were inadequate. While we agree that the disclosures in this report will certainly impact whether or not buyers' reliance on the disclosure statement was justified, we

do not find that as a matter of law this report takes that determination out of the province of the jury. Several of the more serious defects buyers allege were not disclosed in the home inspection report, such as the large foundational crack concealed by an interior wall.

Further, many of buyers' allegations involve the conduct of the sellers, not necessarily the condition of the property itself. The disclosures in the home inspection report are irrelevant to these allegations. For example, in the disclosure statement, sellers stated that they had not made any "structural changes or other alternations to the property during their period of ownership." Yet, in the complaint, buyers allege that sellers installed insufficient footers and support beams in the crawl space. Moreover, sellers stated in the disclosure statement that they were not aware of any present drainage or flooding problems. However, in the complaint, buyers allege that sellers took steps to actively conceal underlying problems with flooding. As these allegations involve actions taken by sellers, not the condition of the property itself, the disclosures in the home inspection report are irrelevant to buyers' justifiable reliance on the disclosure statement.

Thus, for the reasons discussed above, we hold that as a matter of law buyers have met their burden of establishing a prima facie case as to the elements of common law fraud, including materiality and justifiable reliance. As such, they may move forward with their claims for intentional misrepresentation, intentional failure to disclose,[4] negligent misrepresentation, and violations of

---

4. See discussion above as to why in actuality this is a claim for

the unfair trade practices act and real estate disclosures act. We acknowledge that in light of the "As is" clause and the home inspection report that buyers may face great difficulty in convincing a jury that they were defrauded by clear and convincing evidence. However, they need not meet that burden now. The law is clear that at this stage all doubts must be resolved in favor of the sufficiency of the complaint and that a demurrer will be sustained only where the complaint demonstrates with certainty that the law will not permit a recovery. *Staybaugh*, 479 A.2d at 519 (330 Pa. Super. 216). We are not certain that the law will not permit a recovery here, and thus sellers' motions for legal insufficiency of a pleading as to counts 1, 2 3, 9, and 10 are overruled.

## II. Punitive Damages-Count 6

Sellers argue that count eight of the complaint for punitive damages fails to state a claim upon which relief may be granted as no independent cause of action for punitive damages exists. Sellers make no other argument as to why punitive damages are inappropriate in this case.

Under Pennsylvania law, punitive damages may be awarded only if a defendant's conduct is outrageous because of the defendant's evil motive or his reckless indifference to the rights of others. *Feld v. Merriam*, 506 Pa. 383, 475 A.2d 742 (1984). Reckless conduct is considered outrageous conduct which can give rise to punitive damages. *Id.* at 748. Allegations to support a claim for punitive damages must be plead with a high

---

fraudulent concealment.

degree of precision and specificity. *Smith v. Brown*, 423 A.2d 743 (Pa. Super., 1980). Pennsylvania does not allow an award of punitive damages for mere inadvertence, mistakes, or errors of judgment which may constitute ordinary negligence.

In the instant case, Buyers allege that sellers intentionally concealed defects on the property and then expressly lied about their actions in the disclosure statement. Buyers allege that sellers went so far as to construct an interior wall for the purpose of concealing a large crack in the foundation of the house. Sellers then allegedly stated that they were not aware of any problems with the foundation or structure of the property. These allegations, if proven, tend to show that sellers' alleged actions were not simply mistakes or errors in judgment, but calculated actions designed to deceive and defraud buyers. If these allegations are true, sellers were at best recklessly indifferent to the rights of buyers. Thus, we hold that the claim for punitive damages is appropriate. Sellers' motion for legal insufficiency of a pleading as to count 8 is overruled.

### III. Motion to Strike-Count 7

Sellers argue that counts 8, 9, and 10 of the complaint should be stricken as buyers grouped together all defendants in a single count, in violation of Pa.R.C.P. 1020(a).

Pa. R.C.P. 1020(a) states:

The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damage related thereto shall be stated in a separate

count containing a demand for relief.

As nothing in this rule prohibits plaintiffs from grouping multiple defendants together in a single count, sellers' motion to strike is overruled.

Accordingly, we enter the following order.

## ORDER

And now, June 8, 2012, after consideration of defendant Robert and Brigida Goicochea's preliminary objections, plaintiffs' response thereto, the pleadings of record, and oral argument heard in the matter on May 7, 2012, it is ordered that defendants' preliminary objections are overruled. Defendants Robert and Brigida Goicochea are granted twenty (20) days leave in which to file an answer to plaintiffs' complaint.