682 A.2d 313

Linda KING

v.

DETROIT TOOL COMPANY, Select Tool and Die Company, Belcan Engineers, Barth Industries, and N.C. Stauffer & Sons, Inc.

v.

The PROCTOR & GAMBLE COMPANY, Appellant.

Superior Court of Pennsylvania.

Submitted May 14, 1996.

Filed Aug. 6, 1996.

Reargument Denied Oct. 9, 1996.

James A. Doherty, Scranton, for appellant.

Charles A. Shaffer, Kingston, for Linda King, appellee.

Jay E. Mintzer, Philadelphia, for Detroit Tool Co. & Select Tool & Die Co., appellees.

Howard A. Berman, Wilkes–Barre, & Sarah M. Bricknell, Harrisburg, for Belcan Engineers, appellee.

Thomas R. Daniels, Scranton, for Barth Industries, appellee.

Larry L. Turner, Philadelphia, for N.C. Stauffer & Sons, Inc., appellee.

Before JOHNSON, FORD ELLIOTT and HOFFMAN, JJ.

JOHNSON, Judge.

In this appeal, we are asked to determine whether the trial court erred in dismissing the preliminary objections of The Proctor & Gamble Company ("P & G") to the complaint filed against it by N.C. Stauffer & Sons, Inc. ("Stauffer"). The sole ground for appeal asserted is P & G's claim that the trial court lacked personal jurisdiction over P & G. We affirm.

Linda King, an employee of the Proctor & Gamble Paper Products Company, allegedly injured her hand while working near a sequential combining unit (a machine used in assembling Pampers disposable diapers). King sued various defendants, including Stauffer, which allegedly designed, manufactured, assembled, sold, or otherwise placed guards for the machine into the stream of commerce. Stauffer subsequently discovered that another defendant, Belcan Engineers, was paid by P & G for services related to the sequential combining

machine. This discovery led to Stauffer's third-party complaint against P & G. The trial court dismissed P & G's preliminary objections to this complaint, and P & G brought this appeal on the sole ground that the trial court lacked personal jurisdiction over P & G.

■■ The standard of review applicable to determinations disposing of preliminary objections to a trial court's personal jurisdiction over a party is as follows:

"[W]hen preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt. (citation omitted). Moreover, when deciding a motion to dismiss for lack of personal jurisdiction the court must consider the evidence in the light most favorable to the non-moving party."

*Scoggins v. Scoggins*, 382 Pa.Super. 507, 513, 555 A.2d 1314, 1317 (1989), quoting *Delaware Valley Underwriting v. Williams & Sapp*, 359 Pa.Super. 368, 373, 518 A.2d 1280, 1282 (1986); *see also Gordon v. Pennsylvania Blue Shield*, 378 Pa.Super. 256, 548 A.2d 600 (1988). A defendant making a challenge to the court's personal jurisdiction has, as the moving party, the burden of supporting its objection to jurisdiction. *Scoggins, supra*, at 513, 555 A.2d at 1317.

■ A trial court may exercise personal jurisdiction over a defendant if either of the following two bases is present: (1) specific jurisdiction (under 42 Pa.C.S.A. § 5322) based upon specific acts of the defendant which gave rise to the cause of action, and (2) general personal jurisdiction (under 42 Pa.C.S.A. § 5301), based upon a defendant's general activity within the state.... The question of whether a state may exercise specific jurisdiction over a non-resident defendant must be tested against both the state's long-arm statute (here 42 Pa.C.S.A. § 5322) and the due process clause of the fourteenth amendment.

*McCall v. Formu-3 Intern. Inc.*, 437 Pa.Super. 575, 578–79, 650 A.2d 903, 904 (1994), *appeal denied*, 541 Pa. 640, 663 A.2d 692 (1995). In this case, the trial court found that the

requirements for specific jurisdiction were met, citing the following relevant portion of Section 5322:

(a) General Rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

* * * * * *

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

Trial Court Opinion, dated October 16, 1995, at 4. The court found sufficient contacts between P & G and Pennsylvania on the basis of (1) the court's finding that the engineers who supervised conversion of the design of the sequential combining unit to conform to P & G's needs were agents of P & G; and (2) the court's finding that the acts of these agents in Pennsylvania gave rise to the instant cause of action. Opinion, *supra*, at 5.

■ P & G concedes that the sequential combining machine that allegedly caused King's injuries was designed, manufactured and installed as part of the P & G QI Project, a project designed to effectuate P & G's decision "to change the type of diaper that it was manufacturing to a new design." Brief of Appellant at 9. The design and implementation of the relevant equipment were, therefore, ultimately governed by P & G's goals and needs. Furthermore, Stauffer presented the deposition testimony of three P & G employees involved in the QI Project that these employees were paid by P & G for their work on the project, including work at the plant where King was injured. While P & G emphasizes some deposition testi-

mony of an employee of Belcan Engineers that suggests that the machinery involved was primarily associated with the Proctor & Gamble Paper Products Company, a subsidiary of P & G, this testimony, viewed in the light most favorable to Stauffer, is insufficient to outweigh the evidence supporting the trial court's jurisdictional determination.

■ The constitutional limitations on an assertion of personal jurisdiction over a defendant have been described by our supreme court as follows:

> The standard which must be met by a state in asserting specific personal jurisdiction over a non-resident defendant as articulated in *Burger King [Corporation v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d. 528 (1985) ] is clear: (1) the non-resident defendant must have sufficient minimum contacts with the forum state and (2) the assertion of in personam jurisdiction must comport with fair play and substantial justice....

> The [*Burger King* ] Court held that the determination of whether sufficient minimum contacts exist for the assertion of in personam jurisdiction is based on a finding that the "defendant's conduct and [his] connection with the forum State are such that he should reasonably anticipate being haled into court there."

*Kubik v. Letteri,* 532 Pa. 10, 16, 614 A.2d 1110, 1114 (1992), quoting *Burger King, supra,* at 474, 105 S.Ct. at 2183. As with the trial court's application of the Pennsylvania long-arm statute, the formative role P & G played in the implementation of the QI Project and the evidence of P & G agency in the design, installation, and operation of the machinery that allegedly injured King militate strongly in favor of the trial court's finding that P & G should have anticipated being haled into court in Pennsylvania and also indicate that the assertion of jurisdiction does not offend the notions of justice and fair play. P & G has failed to meet its burden of showing jurisdictional infirmities that are "clear and free from doubt," *see Scoggins,*

*supra;* we therefore affirm the order of the trial court dismissing P & G's preliminary objections.

Order **AFFIRMED.**