**Donegal Mutual Insurance Company v. Stroker**

CP. of Monroe County, no. 2568 civil 2010.

*G. Christopher Eves,* for plaintiff.
*Salvatore P.J. Vito,* for defendants.

SIBUM, *J.,* August 2, 2010—This matter comes before the court on plaintiff's preliminary objections to defendants' new matter and counterclaim. Plaintiff, Donegal Mutual Insurance Company, commenced this action to seek a judgment for breach of a subrogation provision provided for in an automobile insurance policy issued

by plaintiff to defendants. Plaintiff filed a complaint for breach of contract on March 24, 2010 alleging that under the terms of the insurance policy, a subrogation interest arose in favor of the plaintiff. Plaintiff alleges that defendants prejudiced its subrogation right by accepting a payment from and executing a release of a third-party tort-feasor. Defendants filed an answer with new matter and counterclaim on May 7, 2010 raising nine affirmative defenses and two counterclaims for breach of contract and bad faith. Plaintiff filed preliminary objections on May 24, 2010 raising a motion to strike several averments in plaintiff's new matter and counterclaim for failure of the pleading to conform to law and for insufficient specificity in a pleading. Plaintiff filed a timely brief; however, defendants filed their brief late. Oral arguments were heard on July 6, 2010 at which time both parties argued their respective positions. We are now prepared to decide this matter.

## DISCUSSION

Preliminary objections may be filed by any party to any pleading on several grounds, including failure of a pleading to conform to law or rule of court and for insufficient specificity in a pleading. Pa.R.C.P. 1028(a). In ruling on preliminary objections, we recognize that the court must accept as true "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom. . . ." *Wurth by Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 638, 584 A.2d 403, 407 (1990). The court need not accept as true, however, "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Myers v. Ridge,* 712 A.2d 791, 794 (Pa. Commw. 1998).

When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the cases which are clear and free from doubt. *King v. Detroit Tool Company,* 452 Pa. Super. 334, 337, 682 A.2d 313, 314 (1996). Alternatively, a motion to strike a pleading may be granted when lack of conformity to a law or a rule of court occurs. Pa.R.C.P. 1028(a) (2).

Reviewing the facts of record in the light most favorable to defendants, the non-moving parties, the record reveals the following. Plaintiff is an insurance company with offices in Marietta, Pennsylvania. (Complaint, ¶2; answer, ¶2.) On May 17, 2003, defendant Susan Stroker was involved in a motor vehicle accident resulting in damages to defendants' vehicle in the amount of $10,489.04. (Complaint, ¶5; answer, ¶5.) At the time of the accident, defendants were insured under an automobile insurance policy with plaintiff. (Complaint, ¶4; answer, ¶4.) Damages to the vehicle were paid for under the terms of the insurance policy. (Complaint, ¶6; answer ¶6.) Part F of the policy also provided for subrogation as follows:

"(A) If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

"(1) Whatever is necessary to enable us to exercise our rights; and

"(2) Nothing after loss to prejudice them." (Complaint, ¶7, exhibit A, page 11-12.)

On February 7, 2007, defendant Susan Stroker accepted a payment from a third-party tort-feasor Colleen

Garrick in the amount of $14,500 and executed a release of all claims, releasing Garrick and her insurance company from further liability. (Complaint, ¶¶8-9, exhibit B.) Plaintiff filed suit at 3509 civil 2005 in the name of defendants to recover the property damage caused by Garrick. Plaintiff argues that in accordance with the insurance policy, defendants have an obligation to do whatever is necessary to enable the insurance company to exercise its rights against another for recovery of damages when a payment has been made to the insured under the policy and hold any amounts received in trust for plaintiff to the extent of plaintiff's payment to its insured, the defendant. (Complaint, ¶13.) Defendants, on the other hand, argue that defendants are not responsible for, nor required to oversee, plaintiff's subrogation claim and never signed a release on behalf of plaintiff. (Answer, ¶14.)

Defendants, in their new matter and counterclaim, pleaded nine affirmative defenses in their new matter and aver breach of contract and a claim for bad faith in their counterclaim. Plaintiff objects to these allegations for failure of a pleading to conform to law or rule of court and for insufficient specificity in a pleading. Plaintiff claims the allegations contain general, boilerplate averments without any specific factual allegations to support them and plaintiff is unable to prepare an adequate answer. Defendants reply that they are required to plead all affirmative defenses to plaintiff's complaint in their new matter or they would be waived and that defendants have set forth the essential elements of a breach of contract and bad faith insurer claim. We will address plaintiff's preliminary objections to defendants' new matter and counterclaim in turn.

## 1. Plaintiff's Preliminary Objection for Failure of a Pleading To Conform to Law or Rule of Court/Insufficient Specificity in a Pleading As to Defendants' New Matter

Plaintiff filed preliminary objections to defendants' new matter on the grounds that certain averments in the new matter are general, boilerplate averments without any specific factual allegations and therefore fail to conform to the law requiring specificity in a pleading. Plaintiff alleges that due to the lack of specificity, it is unable to prepare an adequate answer. Defendants, however, assert that there are no laws that require the citing of specific details when averring affirmative defenses in new matter. We agree with the plaintiff and will sustain its preliminary objections as to defendants' new matter.

In their new matter, defendants assert the following affirmative defenses:

"(19) Plaintiff fails to state a claim or claims against upon which relief can be granted.

"(20) Plaintiff's claims may be barred, in whole or in part, by the applicable statutory and/or contractual limitations of action.

"(21) Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

"(22) Plaintiff's claims may be barred, in whole or in part, by virtue of justification.

"(23) Plaintiff's claims may be barred, in whole or in part, by virtue of release.

"(24) Plaintiff's claims may be barred, in whole or in part, by virtue of failure of consideration.

"(25) Plaintiff's claims may be barred, in whole or in part, by virtue of fraud and/or illegality.

"(26) Plaintiff's claims may be barred, in whole or in part, by virtue of accord and satisfaction.

"(27) Plaintiff's claims may be barred, in whole or in part, by virtue of the statute of frauds."

Pa.R.C.P. 1019(a) requires that "the material facts on which a cause of action or defense is based shall be stated in concise and summary form." Pa.R.C.P. 1019(a). Pennsylvania is a fact pleading state. Pleadings in a fact pleading jurisdiction serve the purpose of putting an opponent on notice of what he will be called upon to meet at trial and to define the issues for trial. *Mansour ex rel. Mansour v. Gnaden Huetten Memorial Hospital,* 2007 WL 5234151 (Pa. Com. Pl.), 3 D.&C.5th 149 (2007); *Estate of Swift v. Northeastern Hospital of Philadelphia,* 456 Pa. Super. 330, 337, 690 A.2d 719, 723 (1997) (holding that the allegations "must apprise the defendant of the claim being asserted and summarize the essential facts to support [the] claim"). "The purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses asserted in the case." *Estate of Swift,* at 337, 690 A.2d at 723. "This purpose would be thwarted if courts, rather than the parties, were burdened with the responsibility of deciphering the causes of action from a pleading of facts which obscurely support the claim." *Id.*

With respect to the pleading of affirmative defenses, all such defenses must be pleaded in a responsive pleading under the heading "new matter." Pa.R.C.P. 1030(a). A party may set forth any other material facts which are

not merely denials of the averments of the preceding pleading within their new matter. *Id.* Although there are specific offenses that are not required to be pleaded, namely assumption of risk, comparative negligence, and contributory negligence, the majority of affirmative defenses must be pleaded or are otherwise waived. Pa.R.C.P. 1030(b); Pa.R.C.P. 1032(a).

The material facts on which a defense is based must be stated in a concise and summary form. Pa.R.C.P. 1019(a). Certain averments, such as averments of fraud or mistake, must be averred with particularity. Pa.R.C.P. 1019(b). A trial court has broad discretion in determining the amount of detail that must be averred in a pleading, because the standard of pleadings set forth in Rule 1019 does not lend itself to precise measurement. *United Refrigerator Company v. Applebaum,* 410 Pa. 210, 213, 189 A.2d 253, 255 (1963).

In order to dispose of plaintiff's preliminary objections, we must determine whether defendants are required to plead in their new matter the material facts upon which their affirmative defenses are based. In determining whether defendants have pled such averments with adequate specificity, we look to the reasoning set forth by the Honorable Margherita Patti Worthington of this court in *Lee v. Denner,* 7723 Civil 2004, for guidance. In that case, Judge Worthington was asked to decide plaintiff's preliminary objections challenging whether the affirmative defenses set forth in the defendant's new matter were insufficiently specific. In *Denner,* plaintiffs, in support of the preliminary objections, argued the applicability of *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). Our court provided the following analysis of *Connor:*

"*Connor* has been used by the Pennsylvania courts to preclude general allegations in complaints. *Connor* stands for the proposition that general averments in a complaint should be remedied by preliminary objections, which operate to have the offending averment stricken and later amended. The objectionable alternative would be to have both parties embark upon a course of extended discovery that would hopefully assure that there are no unpled facts that would support a new claim. The court in *Connor* reasoned that the former option is not only easier, but more likely to guarantee the desired result of eliminating surprise on the eve of trial than the later." *Lee v. Denner,* 2005, 76 D.&C.4th 181, 190 (2005). (internal citations omitted)

The court held that:

"Plaintiffs should have the same recourse in dealing with the factually unsupported allegations contained in defendant's new matter to minimize the chance that they will have to defend a surprise claim or defense at trial. It is our determination that to hold otherwise 'would put the onus on plaintiffs to conduct extensive discovery to disprove a factually unsupported allegation rather than requiring defendants, who asserted the allegation, to marshal the facts to support it.'

"The Rules of Civil Procedure are in place to ensure that a new matter not only gives the opposing party notice of any affirmative defenses, but also makes clear the grounds upon which it rests by including a summary of the facts essential to support that defense. More precisely, Rule 1019(a) requires that 'the material facts on which a cause of action or defense is based shall be stated in a concise and summary form.' Thus, the purpose

of 1019(a) is to require the pleader to disclose the "'material facts' sufficient to enable the adverse party to prepare his case." The term 'material facts' has been defined as 'those facts essential to support the claim' raised in the matter. A pleading therefore must do more than simply give the adverse party fair notice of what his claim or defense is and the grounds upon which it rests; it should, instead, formulate the issue by fully summarizing the material facts.

"We find that plaintiffs are unable to adequately confirm or deny the allegations in defendant's new matter without the benefit of further facts. We do not think the parties should be forced to proceed to discovery until further specificity is provided by defendant regarding her affirmative defense. . . ." *Id.* at 190-92. (internal citations omitted)

In our case, defendants fail to provide any facts that would corroborate the averments presented in their new matter. First and foremost, averments of fraud must be specifically pleaded. In paragraph 25 of their new matter, defendants make a general averment based on fraud. As stated above, such averments must be pled with particularity. Pa.R.C.P. 1019(b). Defendants have only submitted that plaintiff's claims may be barred, in whole or in part, by virtue of fraud and/or illegality. There are no facts offered to support this otherwise conclusion of law and such detail is mandated by statute. See Pa.R.C.P. 1019(b).

In regard to defendants' generic averments that plaintiff's claims are barred by virtue of justification, release, failure of consideration, accord and satisfaction, statute

of frauds, et cetera, defendants have provided no material facts to support these allegations. Defendants only make a blanket assertion that plaintiff's claims may be barred without offering any reason why defendants believe this to be true. Such lack of information does not provide plaintiff with the material facts necessary to build a defense against these claims. Although we understand the need to plead these defenses to preserve and prevent them from being waived, we find that defendants are merely stating all possible affirmative defenses without determining if they truly have a basis in this case. This "spaghetti approach" is unproductive. Plaintiff's preliminary objections will be sustained. Defendants will be granted leave to amend their new answer in compliance with the above opinion.

### 2. Plaintiff's Preliminary Objection for Failure of a Pleading To Conform to Law or Rule of Court/Insufficient Specificity in a Pleading As to Defendants' Counterclaim

Plaintiff filed preliminary objections to defendants' counterclaim on the grounds that the averments in the counterclaim are general, boilerplate averments without any specific factual allegations and therefore fail to conform to the law requiring specificity in a pleading. As a result, plaintiff alleges it is unable to prepare an adequate response. Defendants, however, assert that they have established all of the requirements to bring a cause of action for both breach of contract and a bad faith insurer claim. We agree with the plaintiff and will sustain its preliminary objections as to defendants' counterclaim.

## a. Plaintiff's Preliminary Objection to Defendants' Count 1—Breach of Contract

In their counterclaim against plaintiff for breach of contract, defendants assert the following:

"(29) Plaintiff and defendants entered an agreement.

"(30) Plaintiff breached said agreement by bringing the present action against defendants.

"(31) As a result of plaintiff's failure to perform in accordance with the agreement, defendants have suffered and will continue to suffer direct and consequential damages."

Plaintiff takes issue with paragraphs 30 and 31 in that they are general conclusions of law with no supporting facts. We agree.

"A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resulting damages." *CoreStates Bank N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa. Super. 1999). While not every term . . . must be stated in complete detail, every element must be specifically pleaded. *Id.* In *CoreStates Bank N.A.,* the Superior Court found that appellant sufficiently set forth a claim for breach of contract by pleading all the essential terms of the agreement, a breach and damages. There, appellant pleaded that the bank orally agreed to loan him $50,000 if he would execute a $50,000 mortgage as collateral, that he executed the mortgage but the bank failed to perform by loaning him the money, and that as a result of his inability to obtain the money, he lost significant

business opportunities, resulting in damages in excess of the arbitration limits. Such facts were specific enough for the court to find a claim for breach of contract.

Our case is distinguishable in that defendants have not provided adequate facts to support a cause of action for breach of contract on the part of plaintiff. Defendants only stated that the parties entered an agreement and that plaintiff breached the agreement by bringing the present action against defendants. Defendants offer no specific details to educate the court or plaintiff on what the agreement required, whether this was the same agreement as pleaded in plaintiff's complaint, what the essential terms of the agreement were, or how bringing the present action against defendants breached the agreement. Furthermore, defendants declare that they have suffered and will continue to suffer direct and consequential damages but they do not specifically aver what those damages were. As such, we find that defendants have not properly set forth the fundamental requirements for a breach of contract cause of action.

### b. Plaintiff's Preliminary Objection to Defendants' Count 2—Bad Faith Insurer—42 Pa.C.S. §8371

Plaintiff avers that defendants' counterclaim for a bad faith insurer claim fails to provide enough detail to establish the essential elements required to bring such a cause of action. Defendants, on the other hand, reply that all the elements required to find bad faith on the part of the insured have been pleaded in their counterclaim as well as in defendants' answer. We disagree.

Defendants claim bad faith on the part of plaintiff, alleging:

"(32) Defendants had a valid insurance policy with plaintiffs at the time of the subject incident.

"(33) The plaintiff insurer has acted in bad faith toward its insured.

"(34) Defendants have and will suffer direct and consequential damages as a result."

42 Pa.C.S. §8371 provides as follows:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim. . . .

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorneys fees against the insurer." 42 Pa.C.S. §8371.

"Although the statute does not define 'bad faith,' a uniform definition of this term has developed in the context of insurance litigation." *Adamski v. Allstate Insurance Company,* 738 A.2d 1033, 1036 (Pa. Super. 1999). "Bad Faith" is defined as follows:

"*Insurance.* An insurance company's unreasonable and unfounded (though not necessarily fraudulent) refusal to provide coverage in violation of the duties of good faith and fair dealing owed to an insured. Bad faith often involves an insurer's failure to pay the insured's claim or a claim brought by a third party." Black's Law Dictionary (8th ed. 2004).

To establish bad faith under section 8371, the Superior Court has utilized a two-part test: "(1) the insurer

lacked a reasonable basis for denying coverage and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis." *Adamski,* 738 A.2d at 1036. Both elements must be established by clear and convincing evidence. *Id.*

Here, defendants provide that they had a valid insurance policy with plaintiff which is not disputed. However, defendants state that plaintiff has acted in bad faith toward its insured but have not provided any detail to show how plaintiff has done so nor provided any facts to meet the two-part test above. Defendants have not provided adequate information in either their counterclaim or answer, as such averments are only general conclusions of law or general denials lacking specificity. Defendants have not properly set forth the fundamental requirements for a bad faith insurer claim. Plaintiff's preliminary objections as to both counterclaims will be sustained.

### ORDER

And now, August 2, 2010, plaintiff's preliminary objections to defendants' new matter and counterclaim, are sustained. Defendants are granted 20 days leave to file an amended new matter and counterclaim.