# Green v. Klein

C.P. of Monroe County, no. 2381 Civil 2010.

*Thomas J. Foley,* for plaintiff.
*Charles R. Osinski, Edward J. McKarski* and *Maryann Higgins,* for defendants.

SIBUM, *J.,* August 10, 2010—This matter comes before the court on defendant Slawomir Klein's (defendant owner) preliminary objections to plaintiff's amended complaint. Plaintiff commenced this action against defendants seeking damages for injuries she sustained as a result of a motor vehicle accident allegedly caused by defendant Krzysztof Klein (defendant driver). Defendant owner filed preliminary objections raising two motions to strike for legal insufficiency of a pleading (demurrer) as to the issues of negligent entrustment and punitive damages, a motion to strike for inclusion of scandalous or impertinent matter, and a motion to strike

for insufficient specificity in a pleading/failure to conform to law or rule of court. Although defendant did not file a brief in support of its preliminary objections to the amended complaint, plaintiff filed a brief in opposition to the preliminary objections. Both parties argued their respective positions before the court on July 6, 2010 and we are now prepared to decide this matter.

## DISCUSSION

Pursuant to Pennsylvania Rule of Civil Procedure 1028(a), preliminary objections may be filed by any party to any pleading on several grounds, including:

"(2) Failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

"(3) Insufficient specificity in a pleading;

"(4) Legal insufficiency of a pleading (demurrer)." Pa.R.C.P. 1028(a)(2), (3), (4).

In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 638, 584 A.2d 403, 407 (1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Insurance Co. v. Deshler,* 661 A.2d 481, 483 (Pa. Commw. 1995).

The plaintiff must state the material facts of a complaint "in a concise and summary form." Pa.R.C.P. 1019(a). The allegations "must apprise the defendant of

the claim being asserted and summarize the essential facts to support that claim." *Estate of Swift v. Northeastern Hospital of Philadelpia,* 456 Pa. Super. 330, 337, 690 A.2d 719, 723 (1997) *appeal denied,* 549 Pa. 716, 701 A.2d 577 (1997). The "lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement." *United Refrigerator Co. v. Applebaum,* 410 Pa. 210, 213, 189, A.2d 253, 255 (1963).

When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the cases which are clear and free from doubt. *King v. Detroit Tool Co.,* 452 Pa. Super. 334, 337, 682 A.2d 313, 314 (1996). Alternatively, a motion to strike a pleading may be granted when lack of conformity to a law or a rule of court occurs. Pa.R.C.P. 1028(a)(2).

a. *Defendant's Motion To Strike for Legal Insufficiency of a Pleading (Demurrer)—Negligent Entrustment*

Defendant owner first asks this court to dismiss plaintiff's amended complaint based on the preliminary objection for legal insufficiency of a pleading (demurrer). The purpose of a demurrer is to test the legal sufficiency of a complaint or other pleading. In determining whether the factual averments of a complaint are sufficient to state a cause of action, all doubts must be resolved in favor of the sufficiency of the complaint. *Slaybaugh v. Newman,* 330 Pa. Super. 216, 220, 479 A.2d 517, 519 (1984). A demurrer will be sustained only where the complaint demonstrates with certainty that under the

facts averred within, the law will not permit a recovery. *Id.;* see also, *Cianfrani v. Commonwealth State Employees' Retirement Board,* 505 Pa. 294, 297, 479 A.2d 468, 469 (1984). If any theory of law will support the claim raised by the complaint, dismissal is improper. *Slaybaugh, supra; Cianfrani, supra.*

The relevant facts of this case as alleged by plaintiff in the amended complaint are as follows. On March 21, 2008, plaintiff was a passenger in a motor vehicle driven by David Robertson, now deceased, traveling northbound on State Route 209 approaching the intersection at Airport Road, Township of Smithfield, Pennsylvania. (Amended complaint, ¶5.) Defendant Krzysztof Klein was the operator of a second vehicle which he drove into the northbound lane, causing a head-on collision between his vehicle and the vehicle occupied by plaintiff. (*Id.* at 6, 7.) Plaintiff sustained serious bodily and personal injuries; Robertson died as a result of the collision. (*Id.* at 7.) The vehicle driven by defendant Krzysztof Klein was owned by his father, defendant Slawomir Klein. (*Id.* at 6.) Plaintiff asserts that the collision was caused by the gross, reckless, indifferent, careless, negligent, unlawful and outrageous conduct of defendant driver and that defendant owner negligently entrusted defendant driver with the use of his vehicle knowing he would engage in such reckless, negligent, and/or outrageous behavior. (*Id.* 8, 25, 26.)

In his preliminary objections, defendant owner first argues that plaintiff has failed to allege sufficient facts in the amended complaint to establish that he had actual knowledge at the time his vehicle was allegedly entrusted to defendant driver that (1) defendant driver was

unfit to operate the vehicle, (2) was not authorized or licensed to operate a motor vehicle, and (3) was operating the vehicle in violation of the Motor Vehicle Code. Defendant owner argues that plaintiff has therefore failed to establish a cause of action for negligent entrustment against defendant owner. We disagree.

The tort of negligent entrustment is described as follows:

"It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." *Christiansen v. Silfies,* 446 Pa. Super. 464, 473, 667 A.2d 396, 400 (1995) citing the Restatement (Second) of Torts, §308.

In order to plead a valid cause of action for negligent entrustment, a plaintiff must plead that the defendant (1) permitted a third person (2) to use a thing under the control of the defendant and (3) that the defendant knew or should have known that the third person intended to or was likely to use the thing in such a way that would harm another." *Nading v. Boice,* 61 D.&C.4th 353, 358 (2003) citing *Ferry v. Fisher,* 709 A.2d 399, 403 (Pa. Super. 1998).

At issue in the present case is whether defendant owner knew or should have known that defendant driver intended or was likely to use his vehicle in a reckless or negligent manner. We can only sustain a demurrer where the complaint specifically shows that the law will not allow a recovery under the facts averred. Reviewing the allegations of plaintiff's amended complaint in the

light most favorable to plaintiff, it appears that plaintiff has plead sufficient facts to make out the prima facie elements of the charges averred against defendant owner.

Section 1574 of the Pennsylvania Motor Vehicle Code provides as follows:

"(a) General rule.—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not licensed for the type or class of vehicle to be driven.

"(b) Penalty.—Any person violating the provisions of subsection (a) is guilty of a summary offense and shall be jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle." 75 Pa.C.S. §1574.

Furthermore, section 1575 of the Pennsylvania Motor Vehicle Code provides as follows:

"(a) General rule.—No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title." 75 Pa.C.S. §1575.

The facts as alleged in plaintiff's amended complaint, if accepted as true, establish a prima facie case for violation of the above statutes. Defendant driver had been previously convicted for various moving violations including driving while his license was suspended or revoked. Plaintiff alleged that because of defendant driver's transgressions, defendant owner signed an "Endorsement 3283—Voiding automobile insurance while a certain

person is operating a car" with his insurance provider, Nationwide Insurance Company. This also evidences that defendant knew his son was driving without insurance. Plaintiff also alleges that having known of defendant driver's prior transgressions, defendant owner knew or should have known that his son was likely to continue to engage in this type of conduct at the time he entrusted the car to him. Our Superior Court has determined that a plaintiff must prove knowledge on the part of a lender of the incompetency of the person to whom the vehicle is entrusted at the time the vehicle is entrusted. *Wertz v. Kephart,* 374 Pa. Super. 274, 284, 542 A.2d 1019, 1023 (1988). At this stage in litigation and under the facts averred, we find it premature to dismiss plaintiff's claim for negligent entrustment against defendant owner, defendant's preliminary objection will be denied.

### b. *Defendant's Motion To Strike for Inclusion of Scandalous or Impertinent Matter*

Defendant avers that numerous paragraphs in plaintiff's amended complaint[1] contain allegations that are scandalous and impertinent and therefore should be stricken. Specifically, defendant argues that the paragraphs contain allegations that are irrelevant, unrelated to the actual cause of the motor vehicle accident at issue, would be inadmissible as evidence and would inflame the social conscious or biases of the jury and suggest a decision on an improper basis.

---

1. Defendant references and takes issue with the following paragraphs in plaintiff's amended complaint: ¶¶17(a)-(f), 18, 19, 20, 21, 22(a), (h), (j)-(m), (v) and (23). (Defendant's preliminary objections, ¶37.)

Pa.R.C.P. 1028(a)(2) provides for preliminary objections to be filed for inclusion of scandalous or impertinent matter. "To be scandalous and impertinent, the allegation must be immaterial and inappropriate to the proof of the cause of action." *Common Cause/Pennsylvania v. Commonwealth,* 710 A.2d 108, 115 (Pa. Commw. 1998). The court's right to strike impertinent matter "should be sparingly exercised and only when a party can affirmatively show prejudice." *Commonwealth Department of Environmental Resources v. Hartford Accident and Indemnity Co.,* 40 Pa. Commw. 133, 138, 396 A.2d 885, 888 (1979).

After review of the paragraphs questioned by the defendant, we find the allegations as to defendant driver's prior drug convictions and use to be immaterial to plaintiff's cause of action. Plaintiff has provided no factual evidence let alone allegations that defendant driver was under the influence of drugs or alcohol at the time of the accident. Plaintiff has also failed to provide any information or factual averments, albeit speculation, to make a connection between defendant driver's prior drug convictions and the events or actions that caused the accident. Without such evidence to corroborate plaintiff's beliefs and speculations that the accident was caused by defendant's drug and/or alcohol use while driving (including the lack of toxicology reports or blood alcohol concentration results) we find the inclusion of the paragraphs pertaining to defendant's previous drug use to be prejudicial and immaterial to plaintiff's cause of action.

Furthermore, we find paragraph 21 in regards to defendant driver's prior criminal convictions for retail theft and disorderly conduct to be immaterial and completely irrelevant to the facts of this case. As to paragraph 23,

we find that plaintiff's averment fails to specify which provisions of the Motor Vehicle Code defendant driver has violated. Such broad allegations as presented are prejudicial without clarity and specification. Defendant's preliminary objections as to paragraphs 20, 21, 22(j), (k), (l), (m) and 23 will be sustained. We find the remaining paragraphs to be supported by factual averments in plaintiff's amended complaint and that they substantially relate to the actual cause of action at issue. Defendant's preliminary objections as to the remaining paragraphs will be denied.

### c. *Defendant's Motion To Strike for Legal Insufficiency of a Pleading (Demurrer)—Punitive Damages*

Defendant also avers that there are no requisite facts to support plaintiff's conclusion that defendant owner's conduct was so outrageous as to warrant recovery of punitive damages. We agree.

"[T]he purpose of punitive damages is to punish outrageous and egregious conduct done in a reckless disregard of another's rights; it serves a deterrence as well as a punishment function." *Johnson v. Hyundai Motor America,* 698 A.2d 631, 639 (Pa. Super. 1997). Punitive damages may be awarded for conduct that is outrageous because of defendant's evil motive or his reckless indifference to the rights of others. *Feld v. Merriam,* 506 Pa. 383, 395, 485 A.2d 742, 747 (1984). Such conduct must be malicious, wanton, willful, oppressive, or exhibit a reckless indifference to other's rights. *Jahanshahi v. Centura Development Co.,* 816 A.2d 1179, 1188 (Pa. Super. 2003). Furthermore, "one must look to the act itself together with all the circumstances including the

154

motive of the wrongdoers and the relations between the parties. . . ." *Feld,* 506 Pa. at 395, 485 A.2d at 748; *Chambers v. Montgomery,* 411 Pa. 339, 344, 192 A.2d 355, 358 (1963). The actor's state of mind is relevant in that the act or omission must be intentional, reckless or malicious. *Id.*

In this case, plaintiff is seeking punitive damages against defendant on the grounds that defendant knew or should have known of defendant driver's prior criminal transgressions and that he was likely to continue to engage in similar conduct. We find that even if defendant owner negligently entrusted defendant driver with his vehicle, the facts as alleged do not demonstrate evil motive or reckless indifference to the rights of others by defendant owner. There are no specific facts alleged to establish any bad motive on the part of defendant owner to intend for or recklessly allow such acts to occur. Such allegations that defendant negligently entrusted his vehicle to his son, without more, fail to show how defendant owner acted with gross, reckless, indifferent or outrageous disregard to others. Defendant's preliminary objection will be sustained and plaintiff's demand for punitive damages in Count II of the amended complaint will be stricken.

### d. *Defendant's Motion To Strike for Insufficient Specificity in a Pleading and Failure to Conform to Law or Rule of Court*

Defendant finally avers that plaintiff has used vague, overbroad and all-inclusive language in its amended complaint and has failed to satisfy the applicable rules of civil procedure. We agree.

Pa.R.C.P. 1019(a) requires that "the material facts on which a cause of action or defense is based shall be stated in concise and summary form." Pa.R.C.P. §1019(a). Pennsylvania is a fact-pleading state. Pleadings in a fact-pleading jurisdiction serve the purpose of putting an opponent on notice of what he will be called upon to meet at trial and to define the issues for trial. *Mansour ex rel. Mansour v. Gnaden Huetten Memorial Hospital,* 3 D.&C.5th 149 (2007); *Estate of Swift v. Northeastern Hospital of Philadelphia,* 456 Pa. Super. 330, 337, 690 A.2d 719, 723 (1997) (holding that the allegations "must apprise the defendant of the claim being asserted and summarize the essential facts to support the claim"). "The purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses asserted in the case." *Estate of Swift,* 456 Pa. Super. at 337, 690 A.2d at 723. "This purpose would be thwarted if courts, rather than the parties, were burdened with the responsibility of deciphering the causes of action from a pleading of facts which obscurely support the claim." *Id.*

Defendant takes issue with the following language as used by plaintiff in her amended complaint:

"(22) The gross, reckless, indifferent, careless, negligent, unlawful and outrageous conduct of defendant Krzysztof Klein consisted of, among other things, one or more of the following:

"(h) operating the vehicle when *he knew he was not fit and/or impaired* and/or too tired to do so (from staying up all night *or otherwise*), and falling asleep at the wheel;

"(25) Defendant Slawomir Klein knew of defendant Krzysztof Klein's prior transgressions, *including those* identified earlier in this amended complaint;

"(26) The gross, reckless, indifferent, careless, negligent, unlawful and outrageous conduct of defendant Slawomir Klein consisted of, *among other things,* one or more of the following. . . ." (Amended complaint, ¶¶22, 25, 26.) (emphasis added)

Plaintiff's use of the words "he was not fit and/or impaired," "or otherwise," "including those," and "among other things" is too broad to apprise defendant owner of the exact nature of the claims being asserted against him. Plaintiff skirts around the issue and instead must specifically plead what she believes defendant driver's condition to be at the time of the accident as well as define what "among other things" means. Plaintiff must plead her theory of the case more specifically as to allow defendant a fair opportunity to counter those allegations in his defense. Defendant's preliminary objections will be sustained. Plaintiff will be granted leave to amend her amended complaint in order to plead the allegations of these paragraphs with greater specificity.

## ORDER

And now, August 10, 2010, upon consideration of defendant Slawomir Klein's preliminary objections to plaintiff's amended complaint, it is ordered as follows:

(1) Defendant's motion to strike for legal insufficiency of a pleading (demurrer) as to negligent entrustment is denied.

(2) Defendant's motion to strike for inclusion of scandalous or impertinent matter is sustained in part and denied in part. Defendant's preliminary objections as to paragraphs 20, 21, 22(j), (k), (l), (m) and 23 are sustained

and the paragraphs are hereby stricken from plaintiff's amended complaint. Defendant's preliminary objections as to the remaining paragraphs are denied.

(3) Defendant's motion to strike for legal insufficiency of a pleading (demurrer) as to punitive damages is sustained. Plaintiff's demand for punitive damages in Count II of the amended complaint is stricken.

(4) Defendant's motion to strike for insufficient specificity in a pleading and failure to conform to law or rule of court is sustained. Plaintiff is granted 20 days leave to amend her amended complaint in conformity with this opinion.