## Scaffidi v. Sumner Building, LLC

C.P. of Monroe County, no. 2630 Civil 2009.

*Mark A. Primrose,* for plaintiff.
*Michael Mancuso,* for defendant.

SIBUM, *J.,* October 7, 2010—This matter comes before the court on defendant Sumner Building, LLC's (hereinafter "owner") preliminary objections to plaintiff Scaffidi trading as Scaffidi Painting & Restoration Company's (hereinafter "plaintiff") mechanics' lien filed on March 20, 2009. Plaintiff commenced this action seeking the institution of a mechanics' lien in the amount of $3,783.50 plus interest against owner. Owner filed preliminary objections on June 15, 2010 raising a motion

to strike for failing to comply with the Mechanics' Lien Law. Both parties have filed briefs. Oral arguments were heard on September 7, 2010 at which time both parties argued their respective positions. We are now prepared to decide this matter.

## DISCUSSION

Preliminary objections may be filed by any party to any pleading on several grounds, including failure of a pleading to conform to law or rule of court. Pa.R.C.P. §1028(a). In ruling on preliminary objections, we recognize that the court must accept as true "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom...." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth.1990). The court need not accept as true, however, "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Cmwlth. 1998).

When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the cases which are clear and free from doubt. *King v. Detroit Tool Co.*, 682 A.2d 313, 314 (Pa. Super. 1996). Alternatively, a motion to strike a pleading may be granted when lack of conformity to a law or a rule of court occurs. Pa.R.C.P. §1028(a)(2).

Reviewing the facts of record in the light most favorable to plaintiff, the non-moving party, the record reveals the following. Plaintiff was hired by Harvey Frable ("Frable") to perform painting work in the course of construction of a

residential building on owner's property. [Complaint, ¶3.][1] Plaintiff completed the improvements to owner's property on September 23, 2008, less than six months before the filing of the Mechanics' Lien claim. [Complaint, ¶5.] Despite completion of the project and timely invoicing to owner, the money owed to plaintiff has not been paid. [Complaint, ¶7.] Plaintiff gave formal notice of its intention to file this claim on March 19, 2009. [Complaint, ¶6.] Plaintiff filed the mechanics' lien claim on March 20, 2009, only one day after formal notice had been given to owner. Although plaintiff filed the mechanics' lien claim on March 20, notice of its filing was never received by owner since the "affidavit of service of notice by Deputy Sheriff" was never signed or filed with the Monroe County Prothonotary's Office. (See the unsigned affidavit attached to plaintiff's mechanics' lien claim.) As such, there is no record that service was ever made upon owner. Owner then filed preliminary objections to the mechanics' lien seeking to have it stricken for failure to comply with the Mechanics' Lien Law.

"The Mechanics' Lien Law is a creature of statute in derogation of the common law, and any questions of interpretation should be resolved in favor of a strict, narrow construction." *Martin Stone Quarries, Inc. v. Robert M. Koffel Builders*, 786 A.2d 998, 1002 (Pa. Super. 2001). To effectuate a valid lien claim, the contractor or

---

1. Harvey Frable is the principal or authorized agent of Primo Construction & Restoration as evidenced by the notice of default judgment entered in magisterial district court in favor of plaintiff Scaffidi and against Frable as defendant in the amount of $3783.50. See notice of judgment/transcript of case attached to plaintiff's mechanics' lien. Frable and Primo Construction & Restoration appear to be contractors who were hired by owner and who later hired plaintiff as a subcontractor to perform painting work on owner's property.

subcontractor must strictly comply with the requirements of the Mechanics' Lien Law. *Id.* The Mechanics' Lien Law defines a contractor as follows:

> [O]ne who, *by contract with the owner*, express or implied, erects, constructs, alters or repairs an improvement or any part thereof or furnishes labor, skill or superintendence thereto; or supplies or hauls materials, fixtures, machinery or equipment reasonably necessary for and actually used therein; or any or all of the foregoing, whether as superintendent, builder or materialman. 49 P.S. §1201 (emphasis added).

The term "subcontractor," on the other hand, is defined as follows:

> [O]ne who, *by contract with the contractor*, or pursuant to a contract with a subcontractor in direct privity of a contract with a contractor, express or implied, erects, constructs, alters or repairs an improvement or any part thereof; or furnishes labor, skill or superintendence thereto; or supplies or hauls materials, fixtures, machinery or equipment reasonably necessary for and actually used therein; or any or all of the foregoing, whether as superintendent, builder or materialman. 49 P.S. §1201 (emphasis added).

In this case, although plaintiff refers to himself as a contractor, it is clear from the definitions provided above as well as the averments and allegations in the mechanics' lien claim, that he is a subcontractor. Plaintiff admits in paragraph 4 that the mechanics' lien is based upon an agreement between him and Frable. In paragraph 3, plaintiff avers that he was retained by Frable as a

"contractor," yet if plaintiff were truly a contractor, he would have been retained by defendant, the owner of the property. As such, the laws applicable to subcontractors as provided for in the Mechanics' Lien Law, noted below, must be strictly complied with.

Owner first argues that the mechanics' lien is fatally deficient for failure to comply with 49 P.S. §1505, "Formal Notice Required By Subcontractor as Condition Precedent." Section 1505 of the Mechanics' Lien Law requires that "[n]o claim by a subcontractor, whether for erection or construction or for alterations or repairs, shall be valid unless, at least thirty (30) days before the same is filed, he shall have given to the owner a formal written notice of his intention to file a claim...." 49 P.S. §1505(b.1). The record reflects that plaintiff filed the mechanics' lien only one day after providing owner with formal notice of its intention to file the lien, a clear violation of section 1505(b.1).

Owner next argues that the mechanics' lien in this case fails to comply with 49 P.S. §1502(a)(2), "filing and notice of filing of claim." Section 1502(a) provides as follows:

(a) Perfection of Lien. To perfect a lien, every claimant must:

(1) File a claim with the Prothonotary as provided by this act within six (6) months after the completion of his work; and

(2) Serve written notice of such filing upon the owner within one (1) month after filing, giving the court, term and number and date of filing of the claim. An affidavit of service of notice, or the

acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim. 49 P.S. §1502(a).

Here, plaintiff attached to the mechanics' lien a "notice of claim." The notice fails to contain a court, term and number or the date of filing of the claim as required by section 1502(a)(2). The notice failed to properly advise owner of the correct court in which the claim was filed and incorrectly referenced Lehigh County instead of Monroe County as the county in which the property is located and the work was performed. In addition, the "affidavit of service of notice of deputy sheriff" attached to plaintiff's mechanics' lien is incomplete and unsigned. It lacks any indication of when and how service was effectuated and therefore cannot validate that service was made upon the owner. Having concluded that notice of claim which sets forth the requisite information was not filed within thirty days after plaintiff filed the claim, and that a proper affidavit of service of notice was not filed within twenty days after service, we find the lien was not properly perfected under Section 1502. Therefore, plaintiff's mechanics' lien claim is unenforceable against owner.

In response to owner's preliminary objections, plaintiff argues that the objections were untimely since they were filed fifteen months after the lien was filed. We disagree. There are no facts of record to indicate that owner was ever served with notice of the claim, nor are there facts of record evidencing when owner learned of the lien being filed. These facts are not contained in the record because

plaintiff failed to comply with the notice and service requirements of the Mechanics' Lien Law. As such, we will not dismiss defendant's preliminary objections given plaintiff's failure to comply with the law.

Accordingly, we enter the following order.

### ORDER

And now, October 7, 2010, defendant's (owner's) preliminary objections to plaintiff's mechanics' lien claim are sustained. Plaintiff's mechanics' lien claim is stricken with prejudice for failure to comply with the Mechanics' Lien Law.