**Rivera v. Jemmott**

*Joseph F. Kulesa*, for plaintiff.

*Laurie B. Tilghman*, for defendant.

HIGGINS, *J.*, May 5, 2014—This case comes before the court on preliminary objections brought by plaintiff, Miguel Rivera, to defendant Lana Jemmott's answer to plaintiff's complaint with new matter. The facts of this case involve an accident between two motor vehicles on Route 611 on the morning of October 7, 2009.

Plaintiff commenced the action by writ of summons and on December 5, 2013, filed a complaint alleging one count of negligence. On December 16, 2013, defendant filed an answer and new matter. Defendant's new matter contains, inter alia, an allegation of comparative negligence (Def.'s new matter, para. 23), an assertion that plaintiff's ability to seek tort relief is limited by the Pennsylvania Motor Vehicle Financial Responsibility Law of 1984 as amended by act 6 of 1990 (Def.'s new matter, paras. 24-26), and a "catch all" paragraph "reserv[ing] the right to assert at the time of trial any and all affirmative defense revealed through discovery." (Def.'s new matter, para. 31).

On December 24, 2013, plaintiff filed the instant preliminary objections comprised of two separate motions to strike: plaintiff's first objection is to paragraphs 23-26 and 31 of defendant's new matter for failure to conform to law or rule of court and for lack of specificity pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2) and (3), and; plaintiff secondly objects to the verification accompanying defendant's answer and new matter, which was executed by the attorney for defendant, as opposed to the defendant herself as is required by Pennsylvania Rule of Civil Procedure 1024(a). On January 21, 2014, plaintiff filed his brief in support of his preliminary objections to

380

defendant's answer with new matter.

## DISCUSSION

In ruling on preliminary objections, we must accept as true all well-pleaded, material and relevant facts, along with all reasonably deducible inferences therefrom. *Schuylkill Navy v. Langbord*, 728 A.2d 964, 968 (Pa. Super Ct. 1999). We need not accept as true, however, "conclusions of law, unwarranted inferences from the facts, argumentative allegations or expressions of opinion." *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Commw. 1998). When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the clearest of cases. *King v. Detroit Tool Co.*, 682 A.2d 313, 314 (Pa. Super. 1996). With these standards in mind, we now address plaintiff's preliminary objections to defendant's answer and new matter.

On February 3, 2014, this court received a praecipe to substitute verification attached to defendant's answer and new matter. This emendation cures the defective verification to which plaintiff promptly and properly objected, rendering plaintiff's second preliminary objection moot. *See Lewis v. Erie Ins. Exchange*, 421 A.2d 1214, 1217 (Pa. Super. Ct. 1980) ("[B]efore dismissing a petition on the basis of a defective verification, a court should allow the petitioner to amend."). Accordingly, the only preliminary objection currently before the court is plaintiff's objection to paragraphs 23-26 and 31 of defendant's new matter.

Plaintiff's objections to paragraphs 23-26 and 31 of defendant's new matter are predicated on the defendant's boilerplate assertions and failure to allege any facts

in support of the same.[1] As plaintiff aptly notes in his brief, Pennsylvania is a fact pleading state: "Under the Pennsylvania Rules of Civil Procedure, '[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form.' Material facts are 'those facts essential to support the claim raised in the matter.'" (P.'s brief, p. 2, internal citations omitted).

---

1. Paragraph 23 of defendant's new matter states in its entirety:

"All negligence causes of action and/or claims asserted against answering defendant(s) are limited, governed, barred and/or restricted, by the terms of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. Section 7102, the relevant terms of which are incorporated by reference herein."

Paragraph 24 of defendant's new matter states in its entirety:

"All causes of action and/or claims as set forth in all civil action(s)/complaint(s) are limited, governed, barred, and/or restricted by the terms of the Pennsylvania Motor Vehicle Financial Responsibility Law of 1984,75 Pa. C.S.A. 1701, et seq., as amended by Act 6 of 1990, the relevant provisions of which are incorporated by reference herein as though the same were fully set forth at length."

Paragraph 25 of defendant's new matter states in its entirety:

"All causes of action and/or claims as set forth in all civil action(s)/complaint(s) are limited, governed, barred, and/or restricted by the terms of the Pennsylvania Motor Vehicle Financial Responsibility Law of 1984,75 Pa. C.S.A. 1701, et seq., as amended by act 6 of 1990, the relevant provisions of which are incorporated by reference herein as though the same were fully set forth at length, including but not limited to the 'limited tort' provisions of section 1705, and in accordance with the 'tort option' chosen and/or elected in the policy of insurance purportedly providing coverage for the accident in question."

Paragraph 26 of defendant's new matter states in its entirety:

"All causes of action and/or claims as set forth in all civil action(s)/complaint(s) are limited, governed, barred, and/or restricted by the terms of the Pennsylvania Motor Vehicle Financial Responsibility Law of 1984,75 Pa. C.S.A. 1701, et seq., as amended by act 6 of 1990, the relevant provisions of which are incorporated by reference herein as though the same were fully set forth at length, as plaintiff(s) owned a currently registered private passenger motor vehicle for which he did not have financial responsibility at the time of the accident. Therefore, plaintiff(s) is deemed to have elected the limited tort option and is thus precluded from recovering against the defendant(s)."

Paragraph 31 of defendant's new matter states in its entirety:

"Answering defendant(s) reserve(s) the right to assert at the time of trial any and all affirmative defenses revealed through discovery."

Plaintiff objects to paragraph 23 of defendant's new matter on the ground that defendant omitted to allege any facts essential to support a claim of comparative negligence. Because we agree, we find that paragraph 23 fails to comply with Pennsylvania Rule of Civil Procedure 1019(a). Plaintiffs objection is accordingly sustained and paragraph 23 is stricken.

Similarly, as to paragraphs 24 through 26, plaintiff again accurately points out a failure on behalf of defendant to allege any facts that would support her redundant, boilerplate claim that plaintiffs ability to seek tort relief is limited by the Pennsylvania Motor Vehicle Financial Responsibility Law of 1984. Accordingly, plaintiff's objections to these paragraphs are sustained and paragraphs 24-26 are stricken.

Lastly, we agree with plaintiff that paragraph 31 is too broad to stand. The purpose behind Pennsylvania's fact pleading requirement is to enable the opposing party to prepare his or her case. This is unattainable where, as here, defendant "reserve(s) the right to assert at the time of trial any and all affirmative defenses revealed through discovery." (Def.'s new matter, para. 31). As this paragraph fails to comply with Pennsylvania Rule of Civil Procedure 1019(a), it is also stricken.

## ORDER

And now, this 5th day of May, 2014, upon consideration of plaintiff's preliminary objections to defendant's answer to plaintiffs complaint with new matter, we hereby make the following determinations:

1. Plaintiff's first preliminary objection is sustained and defendant is granted leave to file an amended pleading

within twenty days of notice of this order.

2. Plaintiffs second preliminary objection is dismissed as moot.