**Wilkins & Associates, Commercial Brokers v.
Strauser Nature's Helpers**

322

C.P. of Monroe County, No. 2446 CIVIL 2014

*Joseph P. McDonald, Jr.*, for plaintiff.
*Malcolm J. Gross*, for defendant.

HIGGINS, *J.*, Aug. 8, 2014—On March 28, 2014, plaintiff, Wilkins & Associates, Commercial Brokers ("plaintiff"), filed a complaint against defendant, Strauser Nature's Helper ("Strauser"), for breach of contract and civil fraud. The action arose after plaintiff, a property management company, hired Strauser to perform snow and ice removal at certain properties that plaintiff manages. Plaintiff claims that Strauser breached its contract by failing to perform the work in a good and workmanlike manner. In addition, plaintiff claims that Strauser made certain representations about the quality of its equipment and work in order to secure a contract with plaintiff which amounts to civil fraud. On April 28, 2014, Strauser filed preliminary objections to plaintiff's complaint. On May 7, 2014, plaintiff filed preliminary objections to Strauser's preliminary objections. The court heard oral arguments from the parties on July 7, 2014, and we are now prepares to rule on the parties' preliminary objections.

In ruling on preliminary objections, we must accept as

true all well-pleaded, material and relevant facts, along with all reasonably deducible inferences therefrom. *Schuylkill Navy v. Langbord*, 728 A.2d 964, 968 (Pa. Super. 1999). We need not accept as true, however, "conclusions of law, unwarranted inferences from the facts, argumentative allegations or expressions of opinion." *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Cmwlth. 1998). When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the clearest of cases. *King v. Detroit Tool Co.*, 682 A.2d 313, 314 (Pa. Super. 1996). With these standards in mind, we will first address plaintiff's preliminary objection to Strauser's preliminary objections.

Plaintiff objects to the late filing of Strauser's preliminary objections. Pa.R.C.P. 1026(a) provides in relevant part that, "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." While plaintiff is correct that the rule states "shall" be filed, Pa. R.C.P. 126 states that, '[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Although Strauser filed its preliminary objections five days after the requirement in the rules of civil procedure, we shall disregard this error as it does not affect the substantial rights of plaintiff. Plaintiff's preliminary objections are overruled.

Next we address Strauser's objection pursuant to

Pennsylvania Rule of Civil Procedure 1028(a)(4) that plaintiff's allegations of civil fraud. To prove civil fraud, plaintiff must prove the following: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *Gibbs v. Ernst*, 538 Pa. 193, 207, 647 A.2d 882, 889 (1994) (citation omitted).

Plaintiff's complaint avers that Strauser made certain representations about its equipment and its professionalism and attention to detail in performing snow and ice removal. Plaintiff's complaint ¶5. In accepting all well-pleaded material and relevant facts, including all reasonably deducible inferences, we conclude that plaintiff has set forth a cause of action for civil fraud. "[A]t the very least a '[p]laintiff must set forth the exact statements or actions plaintiff alleges constitute the fraudulent misrepresentations.'" *Id.* at 545, citing *McGinn v. Valloti*, 363 Pa. Super. 88, 525 A.2d 732, 734 (1987). *See also McClellan v. Health Maint. Org. of Pennsylvania*, 413 Pa. Super. 128, 604 A.2d 1053, 1059 (1992). For example, plaintiff avers that Strauser made representations that its equipment is the best and would minimize turf damage. Plaintiff alleges that the representations were false and Strauser used these representations to secure the contracts with plaintiff. Although the representations may not amount to civil fraud, at this point in the proceedings, we are required to accept all well-pleaded relevant facts, along with the reasonably deductible inferences therefrom, as true. Plaintiff has met this bare minimum for civil fraud arising from Strauser's alleged misrepresentation,

accordingly, we must overrule this objection.

Plaintiff complains that the preliminary objections filed by Strauser amounts to a "speaking demurrer" which should be denied and dismissed.

> A "speaking demurrer" defined as "one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected to, or, in other words, which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of pleading." BLACKS LAW DICTIONARY 299 (6th ed.1991). A "speaking demurrer" cannot be considered in sustaining a preliminary objection.

*Regal Industrial Corp. v. Crum & Forster, Inc.*, 890 A.2d 395, 398 (Pa. Super. 2005). Plaintiff argues that Strauser raises a defense that its use of subcontractors was within the parameters of the contract. The interpretation of the contracts is for the fact finder and cannot be considered in sustaining a preliminary objection. However, we have determined above that that plaintiff has set forth a cause of action for civil fraud. Accordingly, we overrule this objection.

Next, Strauser objects to the insufficient specificity in plaintiff's complaint. Specifically, Strauser argues that it is entitled to more specific pleadings regarding the damages and properties to which plaintiff is referring to in the complaint. Pennsylvania is a fact-pleading jurisdiction, accordingly a "complaint must not only give the defendant notice of what the plaintiffs' claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the

claim." *Youndt v. First National Bank of Port Allegany*, 868 A2d 539, 544 (Pa. Super. 2005) (citation omitted). After reviewing plaintiff's complaint we are satisfied that it contained sufficient facts to allow Strauser to formulate a defense. Any additional information can be obtained through discovery. Strauser's preliminary objection on this issue is overruled.

In its last preliminary objection, Strauser requests plaintiff's request for punitive and open ended damages to be stricken. The assessment of punitive damages is proper "when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct." *SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702 (Pa. 1991) (citation omitted). Punitive damages are awarded to punish that person for such conduct. *Id.* In SHV Coal, our Supreme Court adopted Section 908(2) of Restatement (Second) of Torts, stated as follows:

(2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of the fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

In reviewing plaintiff's complaint, we find that it does not contain any allegations suggesting Strauser's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct. Accepting as true the material allegations contained in plaintiff's complaint, we cannot infer that Strauser's conduct is outrageous or due to any evil motive or reckless

indifference to the rights of plaintiff. Accordingly, we must sustain Strauser's preliminary objections and strike any request for punitive and open ended damages.

Accordingly, we enter the following order.

## ORDER

And now, this 8th day of August, 2014, after oral argument and upon consideration of the preliminary objections filed by the parties, it is hereby ordered as follows:

1. Plaintiff's preliminary objections to the late filing of defendant's preliminary objections are overruled.

2. Defendant's preliminary objections to punitive damages and open ended damages requested by plaintiff are sustained.

3. The remainder of defendant's preliminary objections are overruled.